The Ohio and Mississippi Railway Company

*v.*

George S. Russell.

*Filed at Springfield November 14, 1885.*

1. Fencing railroads—*building fence by land owner after notice to the company—who shall be liable to the owner.* Where a railway company neglects or refuses to build a fence along its right of way, so as to prevent stock from getting upon its track, after notice by the owner of adjoining land, the owner or occupant of such adjoining land may build the fence, and bring his action to recover double the value thereof, against either the corporation owning the road, or any other party actually occupying or using such railroad, at his election.

2. Same—*effect of a receivership upon liability of the company.* In an action against a railway company to recover double the value of a fence built by the owner or occupant of premises adjoining its right of way, after neglect or refusal of the company to build the same on notice, it is no defence, so far as the corporation is concerned, that its property, etc., is in the hands of a receiver, or is used by another party.

3. Same—*as a police regulation.* The statute requiring a railway company within a certain time to fence its right of way, is a police regulation of the State, and it is not within the jurisdiction of any court, either State or Federal, to arrest its operation.

4. Receivership—*of corporation—continued existence and exercise of corporate franchises.* The appointment of a receiver for a corporation gives the receiver only the temporary management of its affairs, under the direction of the court. The corporation still exists, and may nevertheless exercise any of its franchises, so it does not interfere with the rightful management of its affairs by the receiver, so far as his duties are defined by the court appointing him.

5. Injunction—*extent of its restraining effect.* On the appointment of a receiver for a railroad company, the court, by injunction, prohibited the company from interfering with the property, or disturbing the possession of the receiver; but this would not operate to prevent the company building a fence along its right of way, as required by the statute, and so would afford no defence to an action by an adjacent land owner to recover twice the value of a fence which he had built after due notice to the company.

Appeal from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Cass county; the Hon. Cyrus Epler, Judge, presiding.

Messrs. Pollard & Phillips, for the appellant:

The statute under which this suit is brought is a penal statute, and must be strictly followed to entitle the party building the fence to recover double value. *Railway Co.* v. *Zeigler*, 108 Ill. 304.

The statute (sec. 52) gives the land owner a double remedy, or one against two parties. If the corporation owning the road has leased it, the land owner has his election to proceed against either the corporation or the party in possession of and operating the road. If he proceeds against the corporation, he must notify it or its agent. If he elects to proceed against the party in possession, he must serve notice on that party or its agent. He can not serve the notice on the corporation or its agent, and bring his suit against the lessee or party in possession, and *vice versa.* In this case the receiver was in possession, and the notice was served on his agent, but the suit is against the corporation.

The agent of the receiver is in no sense the agent of the corporation. The first principle of agency is, that the principal has the right to appoint and discharge his agents, and his liability for their acts depends upon this right. The possession of the receiver is not the possession of the corporation, but is antagonistic thereto, and the company can not control either the receiver or his employes. High on Receivers, sec. 396; *Railway Co.* v. *Davis*, 23 Ind. 553; *Railway*

54          O. & M. Ry. Co. *v.* Russell.

Brief for the Appellee.    Opinion of the Court.

*Co.* v. *Anderson,* 10 Bradw. 313; *Railway Co.* v. *Wyatt,* id. 289; *Turner* v. *Railroad Co.* 74 Mo. 602.

At the time this notice was served and the fence built, the railroad company could not have entered upon the right of way to build the fence without a violation of the injunction of the United States Court, contained in the order appointing the receiver. By that order this company was not only deprived of all its property, and the revenues arising therefrom, but it was positively prohibited by injunction from interfering with the property or disturbing the possession of the receiver. It was therefore impossible for appellant to have built the fence. Under those circumstances no penalty could be enforced against appellant, even if the notice had been served on it instead of the receiver.

Mr. Oscar A. De Leuw, and Mr. W. P. Callon, for the appellee:

The duty to fence its road is, by the statute, placed upon the railroad corporation. It is an improvement of the realty owned by the corporation, the title to which is not divested by the appointment of a receiver. Rev. Stat. chap. 114, sec. 48.

The decree appointing a receiver did not prevent the corporation from discharging the duty imposed on it by the statute. The law imposing such duty gave it the right to enter upon the right of way to discharge it.

Mr. Justice Scott delivered the opinion of the Court:

This action was brought by George Russell, against the Ohio and Mississippi Railway Company, to recover double the value of a fence which it is alleged plaintiff built on the right of way of the defendant corporation. In the declaration the facts are averred with sufficient fullness, on which plaintiff bases his right to recover, from which it appears

defendant was possessed of, and was operating, a railroad through the county of Cass, and that it was the duty of such defendant, under the statute, to build a fence on its right of way next adjoining plaintiff's land; that on failing to build such fence as the law requires, plaintiff caused a notice to be served on defendant that unless it conformed to the statute and built such fence within thirty days, plaintiff would proceed, as he is authorized by statute in such cases to do, to build the fence and hold defendant liable for double the value, and that on defendant's failure to build such fence, plaintiff did build it, and now by his action seeks to recover double the actual cost of constructing the same. To the declaration alleging these and other facts, defendant pleaded, first, the general issue; and second, a special plea, in which it is averred that at and before the time of building the fence, as in the declaration stated, the railroad and all the property of defendant was in the hands of a receiver appointed by a District Court of the United States, in pursuance of an order of that court authorizing such receiver to take possession and operate such railroad, and enjoining and restraining the company, its officers and employes, from in any manner interfering with the possession of the receiver, or with the management or the operation of the railroad property. To this special plea the court sustained a demurrer, and defendant elected to stand by its plea. A trial was had before the court without the intervention of a jury, on the plea of the general issue, which resulted in a judgment against defendant for double the value of the fence built by plaintiff. That judgment was affirmed in the Appellate Court for the Third District, and defendant brings the case to this court on its further appeal.

The decision of the court in sustaining the demurrer to the special plea, raises the principal question in the case. Conceding the correctness of that decision, it would follow, the ruling of the court excluding as evidence the orders of the United States Court appointing the receiver was also correct.

Both decisions will therefore be examined together as one question.

Section 1, of the act of 1874, makes it the duty of every railroad corporation, within a certain time after its line is open for use, to erect and thereafter maintain fences on both sides of its road, suitable and sufficient to keep stock from getting on the track. Section 3 of the same act declares, whenever any railroad corporation shall neglect or refuse to build such fence in accordance with the provisions of the act, the owner or occupant of the land adjoining the railroad may give notice to such corporation to build such fence within a time specified. The notice authorized to be given may be served on the corporation, or the lessee, or the persons operating such railroad. By the 4th section it is provided, if the parties so notified shall refuse to build such fence, the owner or occupant of the land required to be fenced may build the fence, and the person so building such fence shall be entitled to double the value thereof from such corporation or party actually occupying or using such railroad. It will be perceived, on a close reading of the statute, the person constructing the fence under its provision may bring his action either against the corporation, or the party actually occupying or using such railroad, at his election. Either one is liable to the penalty imposed by the statute. It is therefore no defence, so far as the corporation is concerned, that the property of the corporation is in the hands of the receiver, or that its road is occupied or used by another party. The statute has expressly given the remedy against either party, and the party aggrieved may bring his action against one or the other, as he deems most expedient. Under this construction of the statute, it is obvious the demurrer to the special plea was properly sustained.

Counsel have cited a line of authorities that hold, while a railroad is in the hands of a receiver, under appointment of a court of competent jurisdiction, with full power to operate

such road, to the exclusion of its employes, the corporation will not be liable for injuries caused by the negligent conduct of the agents or servants of the receiver, over which it has and can have no control. Conceding the correctness, as is freely done, of the general doctrine on this subject, it has no application to the case being considered. The defendant in this case is not sued for an injury or damage done by the servants of the receiver operating the road. The action is against defendant for the non-performance of a duty imposed by statute, against which it is apprehended no order of a court can avail to relieve it. It is a police regulation, to which the corporation is subjected by the sovereignty of the State, and it is not within the rightful jurisdiction of the court, either State or Federal, to arrest its operation. Notwithstanding the appointment of the receiver, the corporation is clothed with its franchises, and such corporation still exists. The effect of the appointment of the receiver is simply to give him the temporary management of the railroad, under the direction of the court, instead of the manager appointed by the directors of the corporation. It is that, and nothing more. As the corporation still exists, it may still exercise, as before, its franchises, so it does not interfere with the rightful management of the road by the receiver, so far as his duties are defined by the court appointing him. No doubt it may do many corporate acts, and certainly it can do all things necessary to preserve its legal existence, notwithstanding the appointment of the receiver to which the temporary management of the road is given,—otherwise the appointment of the receiver would be tantamount to a dissolution of the corporation. It is a principle well understood, that all railroad or other corporations transacting business in its nature public, are subject to all reasonable police regulations deemed necessary for the common welfare. The mere fact its property may be temporarily in the hands of a receiver does not relieve a corporation from the operation of such regulations, any more

than a private citizen is released from the duty to observe the law because his property may be sequestered by the order of a court for the benefit of his creditors. But the duty of the corporation in this regard need not be further discussed on principle. It is sufficient the statute has imposed the duty sought to be enforced against the corporation, and it must be obeyed.

It is objected the service of the notice to build the fence was not made upon defendant or any of its agents. It is a sufficient answer to the position taken, there was testimony to the effect the party on whom the notice was served was in fact an agent of defendant, and as it was a controverted question of fact, at the trial, whether he was such agent, the finding of the Appellate Court, as to it, is conclusive upon this court. That finding must have been in favor of plaintiff, as it was necessary to sustain his action,—otherwise the judgment might have been for defendant.

The suggestion that at the time the notice was served and the fence was built, the railroad company could not have entered upon the right of way to build the fence, without a violation of the injunction contained in the order of the court appointing the receiver, has so little foundation, either in reason, or fact, or law, that it is hardly necessary to remark upon it. It is idle to say the building of a fence on the line between the right of way and the land of an adjoining proprietor would be such an interference with the operation of the railroad by the receiver as would subject the party doing it to punishment as for contempt of court.

No error appearing in the record, the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

Mulkey, Ch. J., and Scholfield, J., dissenting.