BENJAMIN DECKER, Respondent, *v.* G. CLINTON GARDNER, as Receiver, etc., Appellant.

*It seems* that jurisdiction to appoint a receiver of a corporation upon its dissolution is wholly statutory. Such a receiver is the representative of the corporate body and in this state he is vested with the title to and is made trustee of the corporate property, and for the purpose of administering thereon and winding up the affairs of the corporation, he succeeds to its powers and franchises and possesses generally all· the powers and authority conferred by statute upon the assignees of insolvent debtors.

The power, however, of appointing a receiver, *pendente lite,* is incidental to the jurisdiction of a court of equity. Such a receiver is a mere temporary officer of the court; he does not possess the power of a permanent receiver or any legal power except such as is specifically conferred upon him by order of the court; his functions are limited to the care and preservation of the property committed to his charge.

While a receiver appointed *pendente lite,* in an action to foreclose a railroad mortgage, is charged with the duty of operating the road pending the action, the corporation is not dissolved by the appointment; the receiver does not represent the corporation in its individual or personal character, or supercede it in the exercise of its corporate powers, except so far as the mortgaged property is concerned, and in every respect except the possession and management of the mortgaged property the corporation is free to exercise its franchises.

During the pendency of an action against a railroad corporation for alleged trespass, a receiver *pendente lite* was appointed in an action in the U. S. Circuit Court to foreclose mortgages which covered all of the corporate property. The receiver was authorized to operate the road,

protect his title and possession, defend all suits brought against him and the corporation, and intervene in any suits then pending; and was invested with the authority usually conferred in like cases according to the course and practice of U. S. Equity Courts; the corporation was enjoined from interfering with him in the possession and management of the property. The receiver was, by order of the court, substituted as defendant in the trespass suit; the order provided that the action proceed with like effect as if originally commenced against him. Upon the trial the receiver moved for a dismissal of the complaint on the ground that the action could not be maintained against him. The motion was denied. *Held*, error; that the receiver had no connection with the cause of action, and it could not be charged upon the property in his hands.

*Pickergill* v. *Meyers* (99 Penn. 602); *Coombs* v. *Smith* (78 Mo. 32), distinguished.

(Argued January 30, 1891; decided February 24, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made June 13, 1890, which affirmed a judgment in favor of plaintiff entered upon a verdict.

This action was brought originally against the Buffalo, New York and Philadelphia Railroad Company, to recover for a trespass alleged to have been committed by said company in May, 1884.

After the case was at issue, and in May, 1885, the defendant was appointed receiver of the property of said railroad company by the Circuit Court of the United States for the western district of Pennsylvania, in an action brought therein to foreclose general trust mortgages upon the railroad property. An action auxiliary to the aforesaid action was subsequently brought in the Circuit Court for the northern district of New York, and in such action said defendant was appointed receiver of said railroad in said district, and pursuant to such orders the defendant took possession of the mortgaged railroad property and continued in possession until the sale thereof under judgment of foreclosure entered in said actions.

By an order of the Supreme Court made in September, 1887, the receiver was substituted as defendant in this action in the place and stead of the railroad company, and it was pro-

vided that the action proceed with like effect as if originally commenced against him. .

An amended complaint was served which alleged the incorporation of the railroad company, the trespass, the appointment of a receiver, and the order substituting him as defendant, and demanding judgment for damages.

The receiver pleaded a general denial, and upon the trial moved that the complaint be dismissed on the ground that the action could not be maintained against him. The exception to the denial of that motion presents the question discussed in the opinion.

*John G. Milburn* for appellant. This action is not maintainable against the receiver. (Jones on Mort. § 1516; Jones on Bonds, §§ 430, 475; *Hollenbeck* v. *Donnell*, 94 N. Y. 342; Beach on Receivers, §§ 1, 2, 330, 335, 359, 707, 708; High on Receivers, §§ 1, 2, 3; *Herring* v. *R. R. Co.*, 105 N. Y. 340; *Kincard* v. *Dwinelle*, 59 id. 548; *Pringle* v. *Woolworth*, 90 id. 502; *McCulloch* v. *Norwood*, 58 id. 562; *Honegger* v. *Wettstein*, 94 id. 252; *Ranney* v. *Peyser*, 83 id. 1; Laws of 1874, chap. 430, § 3; *Woodruff* v. *Jewett*, 115 N. Y. 267; *Arnold* v. *Bank*, 27 Barb. 424; *E. Co.* v. *R. R. Co.*, 99 U. S. 191; *T. Co.* v. *R. R. Co.*, 103 N. Y. 245; *Fleischauer* v. *Dittenhoffer*, 17 J. & S. 311; *Schmid* v. *R. R. Co.*, 32 Hun, 335.)

*Frederick R. March* for respondent. After G. Clinton Gardner was appointed receiver of the corporation, it was proper and necessary to have him substituted as defendant in the action. (High on Receivers, §§ 213, 259, 260, 315, 316; *Wilson* v. *Wilson*, 1 Barb. Ch. 592; Code Civ. Pro. § 1789.) Courts have power to enlarge the powers of the acts of receivers. (Laws of 1852, chap. 71, § 2; *Bangs* v. *Duckenfield*, 18 N. Y. 592.) The receiver is liable for tort. (*Combes* v. *Smith*, 78 Mo. 32, 38; *Curtiss* v. *Leavitt*, 15 N. Y. 46; *Pickersgill* v. *Meyers*, 99 Penn. St. 602.)

BROWN, J.    Jurisdiction to appoint receivers of corporations is wholly statutory.

The power to declare a forfeiture of corporate franchises was originally in England vested in the courts of law, and was exercised in a proceeding brought by the attorney-general in the name of the sovereign.

The Court of Chancery never assumed jurisdiction in such cases until it was conferred by act of parliament.

It declined until the power was conferred by statute to sequestrate corporate property through the medium of a receiver, or to dissolve corporate bodies, or to restrain the usurpation of corporate powers.    (A. & A. on Corp. § 777; *Slee* v. *Bloom,* 5 Johns. Ch. 366–381; *Atty.-Genl.* v. *Utica Ins. Co.,* 2 id. 389.)

The courts of this country followed the English system. (*Atty.-Gen.* v. *Utica Ins. Co., supra; Atty.-Gen.* v. *Bank of Niagara,* Hopkins' Rep. 354.)    And the jurisdiction in such cases is now a subject of statutory regulation in most if not all the states.

In 1825 the legislature of this state authorized the Court of Chancery to sequestrate the property of corporations against whom judgment at law had been obtained and execution was returned unsatisfied, and to appoint receivers of the same, and to decree the dissolution thereof in cases of insolvency.    (Chap. 325, Laws of 1825.)    The system then inaugurated was continued by the Revised Statutes and subsequent legislation, and is known generally under the head of proceedings against corporations in equity.    (2 R. S. 462; Code C. P. ch. 15, title 2.) The receivers authorized by statute to be appointed upon the dissolution of the corporation are the representatives of the corporate body, and generally are vested with the title to the corporate property, and, for the purpose of administering thereon and winding up the affairs of the corporation, succeed to its powers and franchises.

In this state they are vested with all the real and personal estate of the corporation, and are made trustees of such estate

for the benefit of the creditors and stockholders, and possess generally all the powers and authority conferred by law upon the assignees of insolvent debtors. (2 R. S. p. 464, § 42; p. 469, §§ 67, 68; Code C. P. § 1788.)

Receivers appointed *pendente lite* are, however, mere temporary officers of the court, and do not possess the powers of a permanent receiver unless specially conferred upon them by order of the court. (Code C. P. §§ 1788, 1789; *Herring* v. *N. Y., L. E. & W. R. R. Co.,* 105 N. Y. 372, 375.) The Court of Chancery, however, possessed and exercised in many cases the power to appoint receivers *pendente lite* of property which was the subject-matter of litigation before the court. Such receivers possessed no legal powers. They were officers of the court merely, and their functions were limited to the care and preservation of the property committed to their charge, and they possessed no authority except such as the orders of the court conferred. (Pomeroy's Eq. Juris. Vol. 3, §§ 1331–1336; *Herring* v. *N. Y., L. E. & W. R. R. Co., supra; Keeney* v. *Home Ins. Co.,* 71 N. Y. 396.) This power of appointment of a receiver *pendente lite* was one incidental to the jurisdiction of the court. It did not depend upon statute, and was not affected by the character of the parties before it, whether an individual or a corporation, or by the nature of the property. (*U. S. Trust Co.* v. *N. Y., W. S. & B. Ry. Co.,* 101 N. Y. 478.) Its most common exercise was in foreclosure suits whenever, by reason of the insufficiency of the security, it became necessary to impound the rents and profits of the mortgaged property during the litigation in order that they might, after the decree and sale, be applied upon the debt for the security of the mortgage. (*Hollenbeck* v. *Donnell,* 94 N. Y. 342; Jones on Mortgages, § 1516.) This particular jurisdiction has been extended to and is frequently exercised upon the foreclosure of mortgages upon railroads, and receivers of such property are charged with the duty of the operation of the road pending the foreclosure suit, to the end that the value of the property which necessarily depends largely upon the continuance of its business may not be depreciated, and

also to the end that its income may not be diverted to the payment and satisfaction of debts which are not liens upon the property.

While this class of receivers have many duties and powers peculiar to themselves, they are such only that flow from the nature and character of the property committed to their charge, and in their legal character and relation to the mortgagor they differ in no respect from the receiver of rents and profits of mortgaged property appointed in actions to foreclose mortgages against individuals.

They do not represent the corporation in its individual or personal character, nor supersede it in the exercise of its corporate powers except so far as the mortgaged property is concerned.

The corporation is not dissolved by the order appointing the receiver (*Kincaid* v. *Dwinelle*, 59 N. Y. 553; *Pringle* v. *Woolworth*, 90 id. 502), and it is clear that in an ordinary foreclosure suit no attack is made upon its corporate existence, and hence no judgment that can be entered in the action will affect its corporate life.

In every respect except the possession and management of the mortgaged property the corporation is free and unfettered to exercise its franchise. (Beach on Receivers, § 335.) Accordingly it has been held that after the appointment of a receiver and the sale of mortgaged property it was competent and lawful for stockholders to elect directors. (*State* v. *Merchant*, 37 Ohio St. 251.) That in an action under a statute against a corporation to recover for building a fence it was not a defense that at the time of doing the work the railroad was in the possession of a receiver appointed by a Federal Court in a foreclosure suit. (*O. & M. R. Co.* v. *Russell*, 115 Ill. 52.) That the fact that a railroad was in the possession of a receiver was no defense to the settlement of an account for taxes against the corporation. (*P. & R. R. R. Co.* v. *Commonwealth*, 104 Pa. 80.) In *U. S. Trust Co.* v. *N. Y., W. S. & B. R. Co.*, (101 N. Y. 478), the distinction between statutory receivers of corporations and receivers of mortgaged property was fully

discussed and it was held that section 2 of chapter 378, Laws of 1883, had no application to the latter class.

In *Pringle* v. *Woolworth* (90 N. Y. 502), it was held that the plaintiff was not debarred from maintaining an action against an insurance company by the appointment of a receiver.

The question under discussion was substantially decided in *Arnold* v. *Suffolk Bank* (27 Barb. 424), and it was there held, in accord with the views here stated, that a receiver of a bank could not be joined as a defendant in an action against the bank on a money demand.    In that case as here the cause of action arose before the receiver's appointment, and it was said by the court " that the mere fact that A. is the receiver of B. whether they be natural or artificial persons, will not justify a creditor of B. in bringing A. as a party into every suit against B. when the rights and remedies of the plaintiff end with B." A similar ruling was made in *Fleischauer* v. *Dittenhoefer*, (17 J. & S. 311).    The respondent has cited but two cases to sustain the judgment. (*Pickersgill* v. *Myers*, 99 Penn. 602; *Combs* v. *Smith*, 78 Mo. 32.)    In the Pennsylvania case the corporation was dissolved and the receiver appointed after dissolution.    In the Missouri case, while the facts in reference to the appointment of a receiver are not stated, enough appears in the opinion of the court to indicate that the defendant was a statutory receiver.    In that view the case is in harmony with the general current of authorities, but if the facts were otherwise it would not have our approval.

The defendant in this case was appointed by the Circuit Court in pursuance of its powers as a Court of Chancery.  His functions were confined to the care and preservation of the mortgaged property, and his appointment gave him temporary management of the railroad under the direction of the court, nothing more.

The mortgage covered all the railroad property, real and personal, and hence all property of the corporation was placed in his possession.

He was authorized to operate the road, protect his title and possession, to defend all suits brought against him or the rail-

road company, to intervene in any suits or proceedings then pending, and was invested with the authority and powers usually conferred upon receivers in like cases according to the course and practice of the courts of the United States sitting in equity. By the same order the corporation was enjoined from interfering with said receiver in the possession and management of the railroad property.

He did not represent the corporation or supersede it in the exercise of its powers, except in relation to the possession and management of the property committed to his charge.

Nothwithstanding his appointment the corporation was clothed with its franchise and still existed. It could still exercise its power so it did not interfere with the management of the railroad. It could do many corporate acts and it could do all things necessary to preserve its legal existence.

It could sue and be sued, and was liable for its acts and upon its contracts and covenants the same as if the receiver had not been appointed.

With the particular cause of action set out in the complaint the defendant had no connection, and it could in no possible way be charged upon the property in the receiver's possession. (*Met. Trust Co.* v. *Tonawanda R. R. Co.*, 103 N. Y. 245; *Raht* v. *Attrill*, 106 id. 423.) For it the corporation was alone liable, and there was no legal obstacle to an action against it, and a judgment, if recovered, was collectable out of its available assets.

It follows from these views that the defendant was not a proper party to the suit, and that the action was not maintainable against him.

The judgment should be reversed.

All concur, except HAIGHT, J., not voting.

Judgment reversed.