### NORTHERN PAC. R. CO. et al. v. HEFLIN.

(Circuit Court of Appeals, Ninth Circuit. October 4, 1897.)

#### No. 347.

1. RECEIVERS OF CORPORATIONS—LIABILITY FOR TORTS.

A receiver of a corporation, appointed in an action to foreclose a mortgage, is not liable for a tort committed by the corporation prior to the receivership.

2. SAME—PARTIES.

In an action to recover damages for a tort committed by a corporation prior to the appointment of a receiver, the latter is not a proper party.

In Error to the Circuit Court of the United States for the Western Division of the District of Washington.

Crowley & Grosscup, for plaintiffs in error.

Before ROSS and MORROW, Circuit Judges, and HAWLEY, District Judge.

ROSS, Circuit Judge. For the alleged negligence on the part of the Northern Pacific Railroad Company in causing, or permitting to remain, an opening in one of its wharfs, through which, it is alleged, the defendant in error, who was plaintiff in the court below, fell, and was thereby seriously injured, he commenced this action in the court below against Thomas F. Oakes, Henry C. Payne, and Henry C. Rouse, as receivers of the railroad company mentioned. The complaint itself showed that the injury complained of occurred prior to the appointment of the receivers, and at the trial upon the original complaint and the answer thereto the defendants, at the conclusion of the plaintiff's evidence, moved the court to direct the jury to return a verdict for the defendants. The court denied the motion, and entered an order "that the case be withdrawn from the consideration of this jury, for the reason that there is a defect of parties defendant, to which ruling of the court the plaintiff, by his attorneys, excepts, and his exception is allowed." To the action of the court below, in each respect stated, the defendants at the time excepted. Subsequently the plaintiff filed an amended complaint, in which the Northern Pacific Railroad Company was joined as defendant with the three receivers named, upon which amended complaint a summons was issued, and served upon one A. Tingling, as agent of the company. A motion was made on behalf of the company, appearing specially and only for that purpose, to quash the service of summons so made on the ground that Tingling was not, at the time of

such service, an agent of the company, and had not been at any time since the beginning of the receivership; which motion the court denied, as it also did a motion made on behalf of the receivers to strike the amended complaint from the files. The case subsequently came to issue, and to trial before another jury, resulting in a verdict for the plaintiff for $5,000. After the verdict, Andrew F. Burleigh, who had succeeded to the receivership, was substituted for and in the place of the former receivers, and thereupon judgment in favor of the plaintiff was rendered and entered upon the verdict against the Northern Pacific Railroad Company and Andrew F. Burleigh, as receiver, for $5,000, with interest and costs, and with the direction that "said judgment as against said receiver to be paid by him only upon the further order of this court." The judgment expressly recites, what appeared from the complaint as well as the evidence in the case, that the cause of action sued on "arose prior to the appointment of receivers for the Northern Pacific Railroad Company." Those receivers were appointed, as this court judicially knows from its own records, in an action brought for the foreclosure of a mortgage executed by the railroad company, the purpose of such appointment being the conservation of the mortgaged property pending the foreclosure proceedings. The change in the personnel of the receivership was of no consequence. McNulta v. Lochridge, 141 U. S. 327, 12 Sup. Ct. 11. Neither of the receivers was answerable for any injury resulting from any negligent act of omission or commission on the part of the railroad company, arising prior to the commencement of the receivership. Even in respect to contracts entered into by the corporation prior to the receivership, the rule seems to be settled that receivers are not liable thereon unless they adopt or ratify such contract. Express Co. v. Railroad Co., 99 U. S. 191; Railroad Co. v. Humphreys, 145 U. S. 82, 12 Sup. Ct. 787; United States Trust Co. v. Wabash Ry. Co., 150 U. S. 287, 14 Sup. Ct. 86; Electric Co. v. Whitney, 20 C. C. A. 674, 74 Fed. 664. A fortiori, a receiver is not liable for a tort committed by the corporation prior to his appointment; and, not being liable therefor, it necessarily results that the receivers in the present case were not proper parties to the action brought by the defendant in error as plaintiff in the court below to recover damages for injuries alleged to have been sustained by him through the negligence of the Northern Pacific Railroad Company. Decker v. Gardner, 124 N. Y. 334, 26 N. E. 814; Finance Co. v. Charleston, C. & C. R. Co., 46 Fed. 508. The original receivers were, therefore, entitled to a verdict upon the original trial, and the judgment against Receiver Burleigh for damages growing out of negligence of the railroad company arising prior to the beginning of the receivership is, for the same reason, erroneous. Judgment reversed, and cause remanded for further proceedings not inconsistent with this opinion.