## McDERMOTT *v.* CROOK.

---

ACTIONS; RECEIVERS; JOINDER OF PARTIES.

1. An action to recover damages for personal injuries is not maintainable against the receiver of a corporation, where the alleged negligent act was committed by the corporation before his appointment.
2. Where the corporation and the receiver are joined as parties defendant in such an action, and the receiver demurs, his demurrer should be sustained, and the cause allowed to proceed against the corporation.

No. 1187. Submitted October 14, 1902. Decided November 4, 1902.

HEARING on an appeal (specially allowed) by one of two joint defendants from an order of the Supreme Court of the District of Columbia overruling a demurrer to a declaration in an action to recover damages for personal injuries.

*Reversed.*

The COURT in the opinion stated the case as follows:

This action was brought by the appellee, Harrison Crook, to recover for personal injuries alleged to have been caused by the negligence of The City and Suburban Railway Company of Washington. The injury is alleged to have been suffered on the 13th day of June, 1901, and on the 11th day of October following the railroad corporation was placed in the hands and control of the appellant, McDermott, as receiver, by the Supreme Court of the District sitting in equity. Shortly thereafter the action was brought by the plaintiff against the railroad company and its receiver to recover damages sustained by the injury. To the declaration against the two defendants, McDermott, the receiver, interposed a demurrer, upon the ground that he was not a proper party to the action,— the injury sued for having been inflicted by the railroad company before any receiver was appointed. The demurrer was overruled by the court below, and the receiver has brought the case here by special appeal.

*Mr. J. J. Darlington* and *Mr. R. B. Behrend* for the appellant.

*Mr. Clarence A. Brandenburg, Mr. Edwin C. Brandenburg,* and *Mr. F. Walter Brandenburg* for the appellee.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

The only question presented by the appeal is the one, whether the receiver was properly joined with the corporation as a defendant to the action?

It is quite clear there could be no joint judgment entered against the corporation and the receiver. The judgment against the corporation, if one be recovered, would be against the defendant generally and absolutely; whilst the

judgment against the receiver would not be personal, but in his official character, payable only out of funds that might be in his hands subject to such demands.

There may be decisions found, especially among the earlier cases, which would appear to support the contention of the plaintiff, as to the right to maintain the action against the receiver, though it accrued prior to his appointment. But those cases are exceptional, and do not belong to the class of the present action. In cases for personal injuries suffered by the alleged negligence or wrongful act of a corporation prior to the appointment of any receiver thereof, the doctrine would seem to be settled that the action can only be maintained against the offending corporation, and not against the receiver subsequently appointed. This doctrine is founded upon the principle, that the receiver is only answerable for the consequences of the acts and negligence of his own servants and employees operating the franchise of the corporation; and not for the acts and negligence of the corporation itself, before he assumed control and management of it. The corporation is doubtless answerable for its acts and negligence before the appointment of a receiver, but it does not follow that such liability devolves upon the receiver on his appointment. He does not represent the corporation in respect to such transactions, nor does he assume liability therefor. The possession of the receiver is not the possession of the corporation, but is adverse and antagonistic thereto; and the corporation does not in any manner control either the receiver or his employees. The negligent acts or wrongs committed by the corporation, before the appointment of the receiver, are independent transactions, for which the corporation alone is responsible. High on Rec., Secs. 395 to 398, inclusive, and cases referred to; *Decker* v. *Gardner,* 124 N. Y. 334; *Arnold* v. *Suffolk Bank,* 27 Barb. 424; *Finance Co.* v. *Charleston RR. Co.,* 46 Fed. Rep. 426; *Hiles* v. *Case,* 9 Biss. 549.

There is nothing in the case of *McNulta* v. *Lochridge,* 141 U. S. 327, at all inconsistent with the principle we have just stated. In that case, the question was whether a person

holding the office of receiver could be held responsible for the acts of his predecessors in the same office, and it was held, that an action would lie by and against a receiver for causes of action accruing under his predecessor in office. This ruling was made upon the theory that the receivership was a continuing office; and that an action properly brought against a receiver was in effect brought against the receivership, and would devolve in succession from one receiver to another. In the conclusion of its opinion, the Supreme Court said: " So long as the property of the corporation remains in the custody of the court and is administered through the agency of a receiver, such receivership is continuous and uninterrupted until the court relinquishes its hold upon the property, though its *personnel* may be subject to repeated changes. Actions against the receiver are in law actions against the receivership, or the funds in the hands of the receiver, *and his contracts, misfeasances, negligences, and liabilities are official and not personal,* and judgments against him as receiver are payable from the funds in his hands."

The opinion throughout proceeds upon the principle that an action at law cannot be sustained against a receiver upon a cause of action which accrued against the corporation before it was placed in the hands of a receiver; or before a receivership commenced.

It follows that the judgment of the court below overruling the demurrer of the receiver, must be reversed, and the cause be remanded that the proper judgment be entered upon the demurrer, but allowing the cause to proceed against the defendant corporation; and it is so ordered.

*Judgment appealed from reversed, and cause remanded.*