ARKANSAS CENTRAL RAILROAD CO. *v.* STATE. (2)

Opinion delivered February 27, 1904.

RAILROAD—FAILURE TO ERECT SIGNBOARD AT CROSSING—RECEIVERSHIP.—It is no defense to a railroad company, sued by the State for failure to erect a signboard at a public crossing as required by Sand. & H. Dig., § 6197, that its roadbed and rolling stock were in the hands of a receiver, as the signboard could have been erected without interfering with the possession of the receiver.

Appeal from Sebastian Circuit Court, Greenwood District.

STYLES T. ROWE, Judge.

Affirmed.

*Oscar L. Miles,* for appellant.

The indictment did not lie against the railroad in the hands of a receiver. The same rules of pleading are applicable to this as to a civil cause, and the court erred in denying the motion to make more specific. 55 Ark. 200; 63 Ark. 135; 59 Ark. 168. The proof was fatally at variance with the indictment. Pomeroy, Rem. & Rights, § 554; 2 Rice, Ev. 661; Newman, Pl. 723; Maxwell, Code Pl. 583; Green, Pl. & Pr. § 475; 16 N. Y. 255.

*George W. Murphy, Attorney General,* for appellee.

BATTLE, J. The defendant, the Arkansas Central Railroad Company, a railroad corporation, was indicted by a grand jury of the circuit court of Sebastian county for the Greenwood District for a misdemeanor, committed by the defendant failing in the month of November, 1899, to erect and maintain a board at the place where its railroad crosses a public road in said county, "known as road district No. 8," as required by section 6197 of Sandels & Hill's Digest, which section is as follows: "Every railroad corporation in this state shall cause boards to be placed, well supported by posts or otherwise, and constantly maintained across each public road or street where the same is crossed by

the railroad on the same level. Said boards shall be elevated so as not to obstruct travel, and to be easily seen by travelers; and on each side of said board shall be painted, in capital letters of at least the size of nine inches each, the words 'Railroad Crossing— Look out for the cars while the bell rings or the whistle sounds'; but this shall not apply to streets in cities or villages, unless the corporation be required to put up such boards by the officer having charge of such streets."

The defendant pleaded not guilty. A jury was impaneled to try the issues. It was proved that the defendant failed to erect and maintain a board as charged, and that the railroad and property of the defendant were in the hands of a receiver at the time of such failure. The defendant was found guilty, and appealed.

Appellant contends that, its railroad and property being in the hands of a receiver, it was relieved of the duty imposed by section 6197 of the Digest. But this is not true. Notwithstanding the appointment of a receiver, it still existed as a corporation, clothed with its franchises. It could have exercised such franchises, and discharged the duties imposed upon it by statute, as before the appointment, so far as it could have done so without interfering with the rightful management of its road and property by the receiver; and it was its duty to do so. In this case it was not relieved of the duty to erect and maintain boards as required by the statute because a superior duty or force prevented a compliance. It could have done so without interfering with the receiver in the rightful discharge of his duties. *Ohio & Mississippi Railway Co.* v. *Russell,* 115 Ill. 52, 57; *Kansas Pacific Railway Co.* v. *Wood,* 24 Kan. 619; High on Receivers (3rd Ed.), § 397; Beach on Receivers, § 727. This is unlike the duty of a railroad company to ring a bell or whistle when its trains approach a public crossing. In such cases the railroad company could not do so, if its railroads and trains are in the hands of a receiver, without interfering with the rightful possession and discharge of the duties of the receiver. The omission in the latter case is not the default of the railroad company.

Judgment affirmed.

BUNN, C. J., dissents.