C. W. FOUNTAIN, Appellee, v. A. B. STICKNEY and C. H. F. SMITH as Receivers of The Chicago & Great Western Railway Company, Appellants.

**Railroads:** LIABILITY OF RECEIVER FOR PERSONAL INJURY. An action will not lie against the receiver of a railroad company, appointed simply to preserve the property pending the litigation, for a personal injury sustained before the road passed into the possession and control of the receiver.

*Appeal from Oelwein Superior Court.*—HON. M. D. PORTER, Judge.

SATURDAY, DECEMBER 18, 1909.

THE facts are stated in the opinion.—*Reversed.*

*Carr & Carr* and *George H. Phillips,* for appellants.

*E. J. O'Conner* and *C. H. Rohrig,* for appellee.

WEAVER, J.—The railway went into the hands of the defendants as receivers under the appointment of the Circuit Court of the United States on January 9, 1908. Prior to that date, and while said railroad was in the possession of the Great Western Railway Company, the plaintiff, an employee of said company in its shops at Oelwein, received an injury which he alleges was occasioned by the company's negligence. On April 24, 1908, he brought his action to recover damages resulting from said injury, making the receivers alone parties defendant. The defendants demurred to the petition on the ground that an action of this kind would not lie against the receiver upon a cause of action arising before their appointment to that position. The demurrer being overruled, the defendant pleaded the same matter in defense, and also took issue upon the merits of plaintiff's claim. The cause was tried to a jury, resulting in a verdict and judgment for plaintiff, and defendant appeals.

As the point first made, if well taken, is fatal to plaintiff's right to maintain this action, we give precedence to its discussion. Will an action lie against the receiver of a railroad to recover damages resulting from an injury sustained by the plaintiff before the road passed into the receiver's possession or control? While the record does not show the terms of the order naming the receivers who are the defendants herein, it is manifest that they were not appointed to close up the business of the corporation, but rather to perform the usual office of a receivership which is a provisional and *pro tempore* scheme for the preservation of the property and estate of the corporation pending the adjustment of the rights which are involved in the litigation in which the appointment is made. It has no effect to dissolve the corporation or to divest its title to its property, but the possession of such property passes for

the time being to the receivers, and, as its value is largely dependent upon the continued and regular operation of the road, the receivers are generally empowered and authorized to operate it. Except as thus interfered with, the corporation retains its corporate functions unimpaired, and may sue and be sued. *Ohio Ry. Co. v. Russell,* 115 Ill. 52 (3 N. E. 561); *Decker v. Gardner,* 124 N. Y. 334 (26 N. E. 814, 11 L. R. A. 480). Such receivers are neither bound nor authorized to pay corporate debts which accrued before their appointment, though by order of court operating expenses incurred within a limited time prior to such appointment are sometimes excepted from the rule here stated. Outstanding corporate contracts of the corporation can not be enforced against the receivers unless the latter adopt them. 24 Am. & E. Ency. L. (2d Ed.) 22. If not liable on corporate contracts made before their appointment, it would seem to follow for equally strong, if not for stronger, reasons that the receivers in taking temporary possession and control of the property for the purpose of preserving it *pendente lite* do not assume liability for corporate torts, the injurious effects of which had culminated while the road was still operated by the corporation. *Northern Pacific Ry. Co. v. Heflin,* 83 Fed. 93 (27 C. C. A. 460); *Decker v. Gardner,* 124 N. Y. 334 (26 N. E. 814, 11 L. R. A. 480). This rule seems to be impliedly recognized by this court in *Brockert v. Railroad Co.,* 82 Iowa, 369. Whether such action could be maintained against the receiver on leave being obtained therefor from the court having jurisdiction of the receivership proceedings we need not consider, as it is conceded that no leave was asked for or given.

The receiver, it must be borne in mind, is not the representative of the company, but is rather an officer or representative of the court, who holds the property as nearly as may be in the condition in which he receives it. As we have already said, he does not become a party to its

outstanding contracts unless he sees fit to adopt them, and even in this his acts are subject to the approval and authority of the court. Instead of being an agent or representative of the corporation, his relation thereto is more analogous to that of a sheriff holding its property under judicial order or process awaiting final order for its disposition. Whether this rule would apply to a receiver in proceeding to wind up the corporate business and dissolve the corporation, or whether an action for the tort of the company may be maintained against the receiver on leave being granted by the court appointing him, we need not consider, as the record presents no such condition.

We are constrained to hold that under the record before us plaintiff shows no cause of action against the defendants, and the judgment of the superior court must therefore be *reversed*.