## GERMAN H. H. EMORY, RECEIVER, *vs.* GEORGE FAITH, JR.

*Appeal—Final Order—Discretion of Trial Court—Action Against Receiver of Partnership for Negligence of Firm Before Appointment.*

In an equity cause in which a receiver had been appointed to wind up the affairs of a partnership, an order was passed *ex parte* on July 23, 1909, granting leave to a party to bring an action at law against the receiver to recover damages for an injury caused by the negligence of the partners before the appointment. On October 15th, the Court passed an order refusing to rescind the previous one. On November 23rd, the Court passed another order directing the receiver to retain a certain sum to abide the result of the action at law, and providing that if the plaintiff therein should recover a judgment, he should be treated by the receiver as a general creditor of the partnership. Appeals were taken from all of these orders after the passage of the last one, but not within the time prescribed for taking appeals so far as the first order was concerned. *Held,* that the last order is final in its nature, and that an appeal lies from it upon which the previous orders are open for review.

Although no appeal lies from an order or decree determining a matter committed to the discretion of the lower Court, yet the questions whether a matter was within the discretion of the lower Court, and whether that discretion was so exercised as not to impair the established rights of a party, are open to review on appeal from the order.

The granting by a Court of Equity of leave to a party to sue at law a receiver appointed by it is not a matter wholly within the discretion of the trial Court.

No action of law can be maintained against the receiver of a partnership to recover damages for an injury caused by the negligence of the partners before the appointment of the re-

ceiver. The remedy of the injured party is against the partners individually.

*Decided April 20th, 1910.*

Appeal from Circuit Court No. 2 of Baltimore City.

The orders referred to in the opinion of the Court are as follows:

"(1) Upon the foregoing petition, leave is hereby granted this 23rd day of July, 1909, to George Faith, Jr., to institute an action at law against German H. H. Emory, Receiver, herein as prayed." This order was signed by SAMS, J.

(2) "Ordered by the Circuit Court No. 2 of Baltimore City this 15th day of October, 1909, that the prayer of the petition of German H. H. Emory, Receiver, hereinbefore filed herein, to wit, on the 28th of July, 1909, to rescind the order hereinbefore passed on the 23rd of July, 1909, permitting George Faith, Jr., to institute an action at law against German H. H. Emory, Receiver, as therein provided, is hereby denied; the said George Faith, Jr., is, however, required to bring such action within ten days from the date hereof."

(3) "The petition of German H. H. Emory, Esq., Receiver, herein filed on the 15th day of October, 1909, together with the petition of the First National Bank of Wellington *et al.,* filed herein on the 4th day of November, 1909, and the several answers thereto of George Faith, Jr., filed herein on the 9th day of November, 1909, being considered and the several counsel appearing for said Receiver and creditors and said George Faith, Jr., being heard.

"It is thereupon by the Circuit Court No. 2 of Baltimore City ordered this 23rd day of November, 1909, that the said German H. H. Emory, Esq., Receiver, retain three thousand dollars of the sum of eighteen thousand dollars, now in his hands to abide the liquidation of the suit of the said George Faith, Jr., now pending in the Baltimore City Court against said Receiver and others, distributing, however, the balance thereof, to wit, the sum of fifteen thousand dollars, among such of the creditors of Eugene H. Arnold and Earle H. Welles,

parties in the above entitled cause, as may be entitled thereto in the premises, for which purpose the papers and testimony herein shall be forthwith sent to one of the auditors of this Court.

"And the said German H. H. Emory, Esq., Receiver, is hereby directed to make such defense to the claim of the said George Faith,, Jr., as he may be advised by counsel to be proper in the premises; and should said George Faith, Jr., establish his claim in the premises he shall thereupon be treated by the said German H. H. Emory, Esq., Receiver, as a general creditor herein.

"The petition of the First National Bank of Wellington *et al.* is hereby denied, and said petition is hereby dismissed with costs." The second and third orders were made by LEHMAYER, J.

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER, BURKE, THOMAS, PATTISON and URNER, JJ.

*William L. Marbury* and *George M. Brady* (with whom were *William M. Maloy* and *Carroll T. Bond* on the brief), for German H. H. Emory, receiver, and 1st Nat. Bank of Wellington, appellants.

*William Colton* (with whom was *D. F. Reisenweber* on the brief), for the appellee.

BRISCOE, J., delivered the opinion of the Court.

There are two appeals in this record, one by German H. H. Emory, receiver of the firm of Arnold and Welles, and the other by the First National Bank of Wellington and other creditors of the firm. These appeals are from three separate orders passed by Circuit Court No. 2 of Baltimore City in the case of *Arnold* v. *Welles,* on the 23rd day of July, 1909, on the 15th day of October, 1909, and on the 23rd day of November, 1909, and in view of the conclusion we have reached in the case it will not be necessary to discuss them separately.

The motions to dismiss the appeals from the orders passed as stated herein cannot prevail. The grounds for the motions to dismiss are, first, that the appeals from the order passed on the 23rd day of July, 1909, were not taken within two months from the date of the order, as provided by section 32, Article 5 of the Code, and second, because the orders of October 15th, 1909, and of November 23rd, 1909, are not final orders, or orders in the nature of final orders or decrees, within the meaning of section 26 of Article 5 of the Code.

It is clear that the appeals from the order of the 23rd of November, 1909, were taken in time and that it is an appealable order, and this being so, it is provided by section 28, of Article 5 of the Code of Public General Laws, that on an appeal from a final decree or order all previous orders which may have been passed in the cause shall be open for revision in this Court. *Davis* v. *Gemmell,* 73 Md. 552; *Keifer* v. *Reichert,* 93 Md. 99.

There is no force in the contention that this Court is without authority to review the proceedings now before us because the orders appealed from (the reporter will set out these several orders appealed from in the report of the case), were passed in the exercise of an undoubted discretion by the Court below, and are not reviewable on appeal.

The case of *Gottschalk* v. *Mercantile Trust Co.,* 102 Md. 523, is an express decision on this point and against the appellee's contention. In that case, we said: "It is not necessary at this late date to cite authorities in support of the well settled doctrine that an appeal will not lie from an order or decree passed in the exercise of an undoubted discretion of the lower Court. But the question whether the subject-matter of the order or decree was within the area of the discretion of the Court which passed it is open to examination upon an appeal in the same case, for a Court cannot improvidently extend the exercise of its discretion to matters which

lie beyond its legitimate reach." *Cecil* v. *Negroes,* 14 Md. 68; *Dorsey* v. *Dorsey,* 30 Md. 522.

*In re Farmers Loan and Trust Company,* 129 U. S. 215, Mr. Justice Miller in delivering the opinion of the Court said: "The other reason given why the appeal should not be granted is that the action of the Circuit Court in the case is one within its discretion. All we have to say upon this subject is, that if it be an authority vested in the Judges of the Circuit Court, it must be exercised and governed by the principles of a judicial discretion, and the very point to be decided upon an appeal here is, whether they had such discretion, and whether they exercised it in a manner that cannot be reviewed in this Court. The question is one which in its nature must be a subject of appeal." "And still more, whether, in the exercise of what the Court asserts to be its discretionary power, it has invaded established rights of the petitioners in this case, contrary to law, in such a manner that they can have no relief except by an appeal to this Court. This is a matter eminently proper to be inquired into upon an appeal from such an order. Upon the hearing of that appeal this Court may be of opinion that the order was one proper to be made, in which case it will be affirmed. If, however, it believes that it was an improper one, and will seriously prejudice the rights of the petitioners, it will be reversed and set aside, as it should be."

Being of opinion that all of the pending appeals are properly before us, the motions to dismiss them are therefore overruled.

This brings us to a consideration of the real question in the case, and that is, can an action to recover damages for personal injuries be maintained against the receiver in this case, where the alleged negligent act was committed by Welles and Arnold, co-partners and contractors, prior to the appointment of the receiver?

The facts of the case are undisputed and the question is presented in this way. On the 23rd of July, 1909, nearly

two years after the appointment of the receiver (the 14th of October, 1907,) the appellee, the plaintiff below, was granted leave, upon *ex parte* petition, by an order of Court, to institute an action at law against the receiver (the contractors and employers of the plaintiff, being made co-defendants) to recover damages for alleged personal injuries received by him while in their employ.

Subsequent orders of Court, as will appear from the record, were passed upon petitions of the receiver and creditors as herein stated, refusing to striking out and rescind the *ex parte* order of July 23rd, 1909, and holding that the passage of the order was a matter in the discretion of the Court, and the order should stand. And by a further order of Court of the 23rd of November, 1909, the receiver was directed to retain the sum of three thousand dollars to abide the liquidation of the suit at law, and should the plaintiff establish his claim, he should be treated by the receiver as a general creditor. The receiver was furthr directed to make such defense to the action as he may be advised by counsel to be proper in the premises.

It is settled, we think, by all the well considered authorities, that an action at law for personal injuries sustained by the alleged negligence of a corporation, prior to the appointment of a receiver, cannot be maintained against the receiver subsequently appointed. In other words, a receiver is not liable for a tort committed by a corporation prior to his appointment.

Mr. High on Receivers (3rd ed.) section 395a. and section 397, says: "But since a receiver of a railway is not liable to an action for injuries sustained before his appointment and while the road was operated by the company leave of Court will not be granted to bring such action, and the person aggrieved will be left to pursue his remedy against the company."

The case of *McDermott* v. *Crook*, 20 App. D. C. 465, is directly in point. In that case, JUDGE ALVEY, in delivering

the opinion, said : "There may be decisions found, especially among the earlier cases, which would appear to support the contention of the plaintiff, as to the right to maintain the action against the receiver, though it accrued prior to his appointment. But those cases are exceptional and do not belong to the class of the present action. In cases for personal injuries suffered by the alleged negligence or wrongful act of a corporation prior to the appointment of any receiver thereof, the doctrine would seem to be settled that the action can only be maintained against the offending corporation, and not against the receiver subsequently appointed. This · doctrine is founded on the principle, that the receiver is only answerable for the consequences of the acts and negligence of his own servants and employees operating the franchise of the corporation; and not for the acts and negligence of the corporation itself, before he assumed control and management of it. The corporation is doubtless answerable for its acts and negligence before the appointment of a receiver, but it does not follow that such liability devolves upon the receiver on his appointment. He does not represent the corporation in respect to such transactions, nor does he assume   . liability therefor. The possession of the receiver is not the possession of the corporation, but is adverse and antagonistic thereto; and the corporation does not in any manner control either the receiver or his employees. The negligent acts or wrongs committed by the corporation, before the appointment of the receiver, are independent transactions, for which the corporation alone is responsible."

In *Decker* v. *Gardner,* 124 N. Y. 340, the Court of Appeals of New York, held, in a somewhat similar case to the one at bar, that a receiver was not a proper party to the suit and that the action was not maintainable against him. And to the same effect are the cases of *Nor. Pac. Ry. Co.* v. *Heflin,* 83 Fed. 93; *Robinson* v. *Mills,* 25 Mont. 391; *Flynn* v. *Furth,* 64 Pac. Rep. 904; *Shrady* v. *Van Kirk,* 51 App. Div.

N. Y. 504; *Arnold* v. *Suffolk Bank*, 27 Barb. 424; *Finance Co.* v. *Charleston R. R. Co.*, 46 Fed. 426.

The case of *Combs* v. *Smith*, 78 Mo. 32, relied upon by the appellee was considered by the Court of Appeals of New York, in *Decker* v. *Gardner, supra,* and the Court there said: "In the *Missouri case* while the facts, in reference to the appointment of a receiver are not stated, enough appears in the opinion of the Court to indicate that the defendant was a statutory receiver. In that view the case is in harmony with the general current of authorities, but if the facts were otherwise it would not have our approval."

Apart from these direct decisions it would seem to be clear upon principle as well as upon authority, that the receiver in this case should not be required to subject the fund which he holds for distribution to the creditors to the expense of defending a contest to which he has, as receiver, no relation or connection whatever, and the funds or property in his possession could not in any possible way be made liable.

Upon a review of the whole case, as presented by the record, we are of the opinion, the Court committed an error in passing all three of the orders appealed from, and for the reasons stated, they will be reversed, and the cause remanded, to the end that an order be passed rescinding the order of July 23rd, 1909, and the subsequent orders therein in the case.

*Orders reversed, with costs and cause remanded.*