Filed March 6, 1886.

---

No. 12,629.

THE FIRST NATIONAL BANK OF MAUCH CHUNK *v*. THE UNITED STATES ENCAUSTIC TILE COMPANY ET AL.

RECEIVER.—*Appointment by Judge in Vacation.— Insolvent Corporation.*—Under section 1222, R. S. 1881, a judge in vacation may appoint a receiver for a corporation which is in "imminent danger of insolvency."

SAME.—*Answer Admitting Complaint. —Adversary Proceeding.*—Upon the filing of a complaint against such a corporation, alleging such cause for the appointment of a receiver, an answer admitting the truth of the complaint does not make the suit less adversary in character than it otherwise would be.

SAME.— *Voluntary Appearance of Defendant.*—The voluntary appearance of the defendant in such proceeding is equivalent to the service of process, and the suit is commenced and pending at and from the time of such appearance. Sections 315 and 1230, R. S. 1881.

SAME.— *Validity of Proceeding in Vacation.— Collateral Attack.*—The court having jurisdiction of the subject-matter of the suit and of the parties, the proceedings and orders of the judge in vacation are the proceedings and orders of the court, and, even if erroneous, are not void, and can not be collaterally attacked.

MITCHELL, J., dissents.

From the Marion Superior Court.

*F. Winter, J. S. Duncan, C. W. Smith* and *J. R. Wilson,* for appellant.

*A. C. Harris, W. H. Calkins, T. A. Hendricks, C. Baker, O. B. Hord, A. W. Hendricks, A. Baker* and *E. Daniels,* for appellees.

Howk, J.—This was a suit by the appellant, as sole plaintiff, against the appellees, the Encaustic Tile Company and John L. Mothershead, as the receiver of such company, as defendants. The separate demurrer of the Encaustic Tile Company to the appellant's complaint, for the alleged want of facts therein to constitute a cause of action, was sustained by the court at special term. The appellee Mothershead separately answered in a single special paragraph, to which the appellant's demurrer, for the alleged want of facts, was overruled by the court in special term. The appellant refused to amend its complaint as against the tile company, or to reply to the answer of Mothershead; and thereupon the court at special term adjudged that appellant take nothing by its suit herein, and that the appellees recover of it their costs. On appeal, the court in general term affirmed the rulings and judgment of the court at special term, and from the judgment of the general term appellant brought its case by appeal to this court.

By a proper assignment of error, the appellant has presented here the same errors of which it complained in the court below in general term, namely:

1. The sustaining of the demurrer of the Encaustic Tile Company to its complaint.

2. The overruling of its demurrer to the answer of Mothershead.

We will first consider the second of these alleged errors. It may be premised that the appellant was an execution creditor of the United States Encaustic Tile Company, an insolvent corporation, and that the object of its suit was to have the court declare void and vacate the orders of the Honorable Lewis C. Walker, one of the judges of such court, in vacation, in the appointment of a receiver for such corporation, and to subject the real and personal property of the corporation, in the hands of such receiver, to levy and sale under appellant's execution.

In his answer, the appellee Mothershead said that it was true, as charged in the complaint, that the United States Encaustic Tile Company was, and long prior to July 24th, 1884, had been, a manufacturing corporation, organized and existing under the laws of the State of Indiana, engaged in the manufacture of tiles, with its office, factory and place of business in the city of Indianapolis, and that on said day such corporation was largely indebted to the persons named in the complaint and others, and was insolvent, and held real estate, whereon its factory was located and carried on, of great value, and had notes and accounts owing to it, and contracts in progress of fulfilment and performance in making and laying tiles, and was doing a large business; that it was also true that, on said day, Douglass, Dunlap and Pattison, the first two being stockholders and the last a general creditor of such corporation, filed in the clerk's office of the court below their joint complaint against such tile company, which complaint was then and there received by the clerk, numbered and docketed upon the records of such court in his office, and endorsed "filed July 24th, 1884," and placed upon the files of such court, and (omitting the venue and title of the cause) was as follows:

"The plaintiffs, James G. Douglass, John Dunlap and Isaac N. Pattison, complain of the defendant, the United States Encaustic Tile Company, and say that the plaintiff Douglass is the owner of four hundred and seventy-four shares of the capital stock of the defendant; that plaintiff Dunlap is the owner of twenty-five shares of the stock of such defendant; that the plaintiff Pattison is the owner and holder of three promissory notes, of $5,000 each, made and issued by the defendant; that the defendant is a corporation, created under the laws of the State of Indiana, and having its place of business at the city of Indianapolis, in such State, where it is engaged in the manufacture of tile; that the defendant is indebted in a large sum of money, to wit, $200,000, to divers persons; that more than $100,000 of such indebted-

ness is in the form of commercial paper, some of which has matured and is unpaid; that the defendant is unable to pay its matured paper and will be unable to meet, in the due course of business as it matures, its other outstanding notes, and is in imminent danger of insolvency; that such corporation is now employing a large number of hands in the manufacture of tile; that it has many valuable contracts outstanding, and has on hand a large stock of manufactured tiles; that it would be very disastrous to the business of such corporation and to its creditors and stockholders, if the operations of its factory should be stopped; that, if a receiver is not appointed to take charge of its assets, the same will be wasted and dissipated by sales upon execution and large amounts of unnecessary costs, and the interests of the creditors sacrificed. Wherefore the plaintiffs pray that a receiver may be appointed to take charge of the books, property and assets of every kind of the defendant, and apply the same under the direction of the court to the liquidation of the debts of the company, and that he may be authorized, until the further order of the court, to continue the business of the company.     (Signed)       R. O. HAWKINS,
"Attorney for Plaintiffs."

Appellee Mothershead further said that it was true, that at the time of the filing of such complaint the court was not in session, but in vacation, and there was no called or special session or term of the court being held, but the Honorable Lewis C. Walker, on said day, long before and ever since one of the judges of the court, was then sitting in his chambers, in the court-house of Marion county; that it was true also, that the clerk did not, upon the filing of such complaint, issue any summons or other judicial process, over his hand and seal, to the sheriff of Marion county; but after the complaint was filed and docketed, and without any process being issued, the defendant corporation, by its attorneys duly employed and authorized, filed with the clerk of the court below, in his office, its answer to the complaint of Douglass,

Dunlap and Pattison (omitting venue and title of the cause), in substance, as follows:

"The defendant, the United States Encaustic Tile Company, for answer to the complaint in the above cause, admits the allegations thereof and confesses that a receiver ought to be appointed. (Signed) HARRISON, MILLER and ELAM,
"Attorneys for Defendant."

And appellee Mothershead further said, that the foregoing answer of such corporation was so filed by its attorneys, for it and by direction of its officers, for the purpose of waiving the issuance of process and then and there appearing to the action, and of securing and placing the property of the corporation in the custody of the law, for the equal protection and benefit of all the creditors of such insolvent corporation, and because it could not gainsay or deny the facts in such complaint, nor resist the relief asked, because the facts therein stated were true, and the proceedings were had in good faith; that it was further true that, in pursuance of the purpose aforesaid, the plaintiffs Douglass, Dunlap and Pattison, by R. O. Hawkins their attorney, and Douglass in person, and the aforesaid attorneys of the defendant corporation, and one Lyon, the secretary and treasurer, and at the time principal acting officer of such corporation, did, on the day aforesaid, go before Judge Lewis C. Walker, of the court below, and presented and submitted to such judge, then sitting in his chambers aforesaid, the foregoing complaint and the matters and facts set forth therein, and the foregoing answer and the admissions and confessions contained therein; that Judge Lewis C. Walker, upon the investigation and hearing then and there made and had by and before him, in the presence of the parties plaintiffs and defendants, so appearing before him as aforesaid in his chambers, being satisfied that such proceeding was instituted and was being prosecuted in good faith, and that the defendant corporation was insolvent, was largely indebted, had a large amount of manufactured stock and stock in process of manufacture on hand, with a valua-

ble business, factory and establishment, all in Marion county, and that the law required that he should take custody and control of all the property of such corporation, and hold and administer the same for the benefit of its creditors and distribute the same equally amongst all, in such action, as their rights might thereafter be settled on final decree, did then and there, as fully as he lawfully might, take jurisdiction of the parties and of the property of such insolvent corporation, and having acquired such jurisdiction, did then and there make an order nominating and appointing the appellee Mothershead receiver of such insolvent corporation and of its property, and prescribing his powers and duties as such receiver, and did then and there cause his order and decree to be entered of record, in the proper order-book of such court, which entry of record such judge then and there signed. A duly certified copy of such order and decree of Judge Walker, and of the bond and oath of such receiver, is set out at length in the body of this answer in this cause.

The appellee Mothershead further said that, upon the making of the order and decree appointing him as such receiver, he accepted such appointment, and qualified and gave bond as required ; that thereupon he, as such receiver, in obedience to such order, did then and there take into his possession, and under his control, as fully as he lawfully might, all and singular, the property of any and every kind, owned and held by such corporation, both real and personal, and so kept and held possession thereof at all times since until the filing of this answer, except only that, under subsequent orders and directions of such court and judge, he had from time to time sold large quantities of manufactured tiling and collected large sums of money therefor, and also on notes and accounts owing such corporation at the time of his appointment, and had expended large sums of money on and in conducting such business, which had been kept running actively at all times since his appointment, and had bought materials and the like, and manufactured new tiling, some of which he had since sold

and some of which yet remained on hand for sale; that it was true that the body of the complaint and the body of the answer, in the above described cause, were in the handwriting of the same person, but such person was a stenographer to whom the pleadings were dictated, who afterwards wrote them out, and the complaint was then signed by the plaintiff's attorney and the answer was signed by the defendant's attorneys, in their own proper hands, respectively.

And appellee Mothershead further said that afterwards, on September 10th, 1884, he, as such receiver, filed in such court and cause his petition, praying for an order of the court to pay certain secured debts of such tile company, existing before and at the time of his appointment, which petition was by the court, then in session, received from him as such receiver; and such proceedings were had that afterwards, on September 13th, 1884, such court, being in session, heard and allowed such petition, and made and entered of record an order thereon in said cause. A certified copy of such order is set out in, and forms a part of, appellee's answer in this cause.

Appellee Mothershead further said that it was true that the several persons named in appellant's complaint, except said McCarty, did recover the several judgments, at the times, for the amounts and in the courts, in such complaint stated, and did cause executions to be issued, which came to the hands of the sheriff of such county at the dates therein set forth; and he admitted that the proceedings set out in the complaint herein, as had in such action and proceeding on May 19th, 1885, were correctly set forth therein; but he averred that the proceedings theretofore had were not null and void; that the proceedings, had on May 19th, 1885, did not set aside, vacate, annul or destroy, in any manner, the prior proceedings, or, in any way, make such judgments or executions, or any of them, liens upon any of the property then and since held by him as such receiver; and that, upon being informed of the making and entry of such order of May 19th, 1885,

he fully complied therewith ; that it was true he claimed the right to hold and sell such property, as alleged in the complaint, because he was required to obey the orders and directions of the court, whose officer he was; and that such court did, on the — day of ————, 1885, make in such cause an order, entered of record in the proper order-book of such court and signed, directing him as such receiver, upon the terms therein stated, to sell the real estate and factory of such corporation, together with all the stock on hand and the like, as a going concern, which order yet remained, unrescinded and in full force; that it was true that, upon the sheriff demanding of him the right to levy such executions upon such personal property, for the purposes and at the time stated in the complaint, he did then and there refuse to permit the same to be done, and had at all times since and still refused, because, as he was advised, such judgments and executions never became liens upon any of the property, real or personal coming to his hands and then and there held by him, as such receiver, because such property at the time of the rendition of such judgments, and of the issuance of such executions, was in the custody of the law, and no longer subject to execution and sale, as he was advised; that the facts alleged in appellant's complaint were true, except as otherwise stated in this answer, and, where otherwise stated herein, then the truth was as they were set forth in this answer, and not otherwise ; and that the judicial proceedings, mentioned in such complaint, were the same proceedings in the same cause, mentioned and described in this answer, and none other or otherwise.    Wherefore, etc.

In its complaint herein the appellant, the First National Bank, etc., set up the institution of the suit of *James G. Douglass et al.* v. *United States Encaustic Tile Co.,* in the Marion Superior Court, in vacation, and the appearance of the parties to such suit, plaintiffs and defendant, by their respective attorneys, before Judge Lewis C. Walker, one of the judges of such court, sitting in chambers in the vacation of

his court, on the 24th day of July, 1884, and the application then and there made, upon the plaintiff's complaint and the defendant's answer filed in such suit, for the appointment of a receiver therein, and the acts, orders and proceedings, then and there had, made and done by and before Judge Walker, in the vacation of his court, in such suit, and the appointment then and there of appellee Mothershead as such receiver, his acceptance of such trust, his qualification as such receiver, and his taking possession of the property and assets of such insolvent defendant corporation. All these facts were stated by appellant in its complaint, substantially as the same are stated by appellee Mothershead in his answer; and it was upon these facts appellant based its cause of action, and demanded the relief it sought herein. The theory of appellant's complaint herein, as we understand it, was that the proceedings had, and orders made, by and before Judge Walker, in the vacation of his court, on the 24th day of July, 1884, in the suit of *Douglass et al.* v. *U. S. Encaustic Tile Co.*, were void for two reasons, namely : 1. Because the suit in question was not an adversary suit, as between the parties thereto ; and, 2. Because the voluntary appearance of the defendant corporation, by its attorneys, could not and did not give Judge Walker, sitting in chambers in the vacation of his court, jurisdiction of the suit as a pending suit, or of the person of such corporation.

Section 1222, R. S. 1881, in force since September 19th, 1881, specifies a number of cases wherein a receiver may be appointed by the court, or the judge thereof in vacation. In some of these cases it is manifest that the appointment of a receiver is, and was intended to be, merely an ancillary proceeding in a pending suit, for the purpose of placing property, which is the subject of the litigation, *in custodia legis* until the suit is determined, and the rights of the parties are ascertained. In some of the cases specified, however, provision is made for the appointment of a receiver by the court or the judge thereof in vacation, where such an appointment

is the only purpose of the suit, and the only relief demanded therein. Thus, the section cited provides, that a receiver may be appointed by the court, or the judge thereof in vacation, "When a corporation has been dissolved, or is insolvent, or is in imminent danger of insolvency, or has forfeited its corporate rights." It was under this clause of the section of the code that Douglass and others commenced their suit against the Encaustic Tile Company ; and they alleged in their complaint facts which showed that the defendant corporation was in imminent danger of insolvency, and the further fact that it was in such danger. These were issuable facts, which the corporation had the right either to admit or to deny, and the fact that it filed an answer admitting the truth of the complaint does not make the suit of the plaintiffs therein any the less of an adversary character than it otherwise was.

The effect of the voluntary appearance of the defendant in such a suit as this, brought for the purpose of obtaining the appointment of a receiver, before the judge of the court wherein the suit was brought, sitting in chambers in vacation, was considered by this court in *Pressley* v. *Lamb, ante,* p. 171. It was there held that such voluntary appearance is equivalent to the service of process in the suit, and that such suit is commenced and pending at and from the time of such voluntary appearance. Sections 315 and 1230, R. S. 1881. It was further held in the case cited, that the court having jurisdiction of the subject-matter of the suit, and of the parties thereto, plaintiffs and defendants, the proceedings had and orders made by and before the judge of the court, in vacation, were the proceedings and orders of the court whereof he was judge; and that such orders and proceedings, even though erroneous, were not void, and could not be collaterally attacked. *Cook* v. *Citizens Nat'l Bank,* 73 Ind. 256 ; *Howard* v. *Whitman,* 29 Ind. 557.

The case of *Pressley* v. *Lamb, supra,* we think, settles the question that the facts stated in appellant's complaint in the case under consideration are not sufficient to constitute a cause

of action against appellee Mothershead. This being so, it is manifestly immaterial whether Mothershead's answer was good or bad. *Fell* v. *Muller,* 78 Ind. 507. We are of opinion, however, that such answer stated a full and complete defence to appellant's cause of action.

We find no error in the record. The judgment is affirmed, with costs.

MITCHELL, J., dissents.

ELLIOTT, J., took no part in the decision of this cause.

Filed Jan. 30, 1886.