No. 14,163.

## HERRICK v. MILLER, EXECUTOR, ET AL.

RECEIVER.—*Trust Property.*—*Purchase of.*—A receiver may not purchase for his own benefit property connected with the subject-matter of his receivership, or in his possession in that capacity.

SAME.—*Mortgaged Premises.*—*Purchase of.*—*Rents and Profits.*—*Disposition of by Court.*—Where a receiver, appointed to receive the rents and profits of mortgaged land pending the sale and during the year for redemption, acquires title to the mortgaged premises in his hands as such receiver, his act in so doing may be treated by the parties to the suit in which he was appointed as absolutely void, and as conferring on him no right to the rents and profits which he was appointed to receive. He can not question the correctness of any order made by the court for the disposition of the funds in his hands.

SAME.—*Control of by Courts.*—*Application of Receivership Funds.*—Courts have power over their own receivers to control them in the settlement of all demands against the property in their hands. A receiver has no discretion in general in the application of funds in his hands by virtue of his receivership, but holds them strictly subject to the order of the court, and to be disposed of as the court may direct.

From the Wabash Circuit Court.

*G. T. Herrick* and *A. Taylor*, for appellant.

*W. G. Sayre*, for appellees.

COFFEY, J.—It is disclosed by the record, in this cause, that Joseph H. Roberts, on the 11th day of November, 1881, executed his promissory notes, amounting to $797.40, to David Simonton, and at the same time he and his wife executed a mortgage upon certain real estate in Wabash county to secure the payment of the same. Suit was instituted in the Wabash Circuit Court, by the appellee, on the 18th day of May, 1886, to foreclose this mortgage, and during the pendency of the action the appellant was appointed receiver therein. After the decree of foreclosure, the record recites that the appellee moved the court for the appointment of a receiver, to receive the rents and profits of said real estate pending the sale of the same, and during the year for redemption, and that the court appointed the appellant, who filed his bond as such receiver.

On the 20th day of May, 1887, the appellant filed a report as receiver, in which he reported that up to the date of the sale of the property embraced in the decree of foreclosure he had collected rents thereon amounting to $17.33, and claimed credits for $12.40, leaving a balance in his hands of $4.93.

The court refused to approve this report, and ordered him to make another, whereupon he filed what is termed a substituted report on the 26th day of September, 1887.

From this report it appears that he collected, from the date of his appointment to the date of sale, rents amounting

to $17.33, and during the year, for redemption, $92.12, making a total of $109.45.    He claimed credit for $18.40, leaving a balance in his hands of $91.05.

The appellee filed a motion for an order requiring the appellant, as receiver, to pay over to him, as the plaintiff in the action in which such receiver was appointed, the money shown by said report to be in his hands, and supported the motion by an affidavit to the effect that the receiver had taken possession of the mortgaged premises, under his appointment, and had rented the same as such during the year allowed for redemption, well knowing that the same was of less value than the mortgage debt; that the property sold for $300 less than the mortgage debt, and that the mortgagor was, at the time of the appointment of the receiver, and still is, insolvent.

The appellant resisted said motion, and filed an affidavit to the effect that he had been the owner of the mortgaged premises during the year allowed by law for redemption, and claimed the money in his hands arising from the rent during that period as his own, but the court sustained the motion of the appellee, and ordered the receiver to pay over the money in his hands to the plaintiff in the foreclosure suit, to which the receiver excepted.

The appellant also moved the court to modify its order so as to enable him to retain the money arising from the rent during the year allowed for redemption, and in support of the motion exhibited a deed to himself, executed after the rendition of the decree of foreclosure, and after his appointment as receiver, but the court overruled the motion, and he excepted.

The receiver appeals to this court, and assigns errors calling in question the above several rulings of the circuit court.

The appellee has filed a motion to dismiss this appeal, upon the following grounds:

*First.* Because the appellant George T. Herrick is not a party to the record from which the appeal was taken.

*Second.* Because no notice has been given to any of the parties to the record.

*Third.* Because the appellant could not become a dealer in the property in his hands as receiver.

*Fourth.* Because the record appealed to this court is the case of Alfred Miller, Ex'r, *vs.* Joseph H. Roberts *et al.,* and the assignment of errors is entitled George T. Herrick *vs.* Alfred Miller, Ex'r, *et al.*

*Fifth.* Because the order appointing the appellant receiver, and directing him what to do, is conclusive.

It is contended by the appellant that, under the provisions of section 767, R. S. 1881, the judgment defendant in all sales made since that act took effect is entitled to the possession of the premises sold during the year allowed for redemption, and that he is, as a consequence, entitled to the rents and profits of such premises during that period, and that as he became the owner of the mortgaged premises in question, he is entitled to retain the rent for that year as his own.

Under the motion to dismiss this appeal it becomes necessary to inquire whether the appellant stands in a position to raise the question sought to be presented to this court, and in doing so it becomes necessary to inquire into the functions of a receiver.

The office of a receiver is treated as one of confidence and trust. As a rule he can do nothing to impair the funds in his hands without the order of the court, and can make no dividend without the special sanction of the court, as the funds in his possession are considered in the custody of the law, for whoever may ultimately establish a title thereto. He is the agent of all the parties to the suit in his capacity of an officer of the court.

It is well established that courts have power over their own receivers to control them in the settlement of all demands against the property in their hands, and as officers of the court it is their duty to obey the orders of the courts.

A receiver has no discretion, in general, in the application of funds in his hands by virtue of his receivership, but holds them strictly subject to the order of the court, and to be disposed of as the court may direct.   When ordered to pay the money to any particular person he will not be allowed to off-set a claim due to him personally, since to allow this would render the disposition of the money as uncertain as before the receiver's appointment, and would defeat the very object of his appointment.   High Receivers, section 175–178.

A receiver is regarded as occupying a fiduciary relation, in the sense that he can not be allowed to purchase for his own benefit property connected with, or forming part of, the subject-matter of his receivership, or in his possession in that capacity.   The courts will not permit him, any more than any other trustee, to subject himself to the temptation arising from the conflict between the interest of a purchaser and a trustee.

The rule has its foundation in grounds of public policy, and in the peculiar relations sustained by the receiver to the fund, or estate, in his hands.   It denies to the receiver the privilege of becoming a purchaser of property pertaining to his trust, entirely independent of the question of whether any fraud intervened.   High Receivers, sections 193, 194.

A receiver can not contest an allowance made to one of the parties to a suit in which he was appointed by the court from which he receives his appointment.   In the case of Stanton v. Andrews, 18 Bradw. (Ia.) 552, where a receiver appealed from an allowance made in favor of a claimant, McALLISTER, J., said:   " A receiver is an officer of the court, and has been figuratively styled the ' hands of the court.'   With that figure in mind, this case appears very much like a mild rebellion of the hands against the head."

Assuming, without deciding, that a judgment defendant is entitled to the rents and profits of his land sold on execution, during the year allowed by law for its redemption, still it does not follow that the receiver, in this case, is entitled to

retain the rents and profits in question as his own. In our opinion the act of the receiver, in acquiring title to the mortgaged premises in his hands, as such receiver, may be treated by the parties to the suit in which he was appointed as absolutely void, and as conferring on him no right to the rents and profits which he was appointed to receive. Standing in that attitude he can not question the correctness of any order made by the court for the disposition of the funds in his hands. When the court acquires jurisdiction of the parties to the suit, all orders made as to the disposition of the funds in the hands of the receiver binds them until reversed, and is a complete protection to the receiver. To permit the receiver to question the correctness of such orders would be to permit a constant "rebellion of the hands against the head," which would result in the utmost confusion, and would wholly destroy the usefulness of the office of receiver.

In our opinion this appeal is not well taken.

Appeal dismissed.

Filed April 11, 1890.