FINANCE CO. OF PENNSYLVANIA *et al.* v. CHARLESTON, C. & C. R. Co. *et al.*

*Ex parte* BRADFORD.

*(Circuit Court, D. South Carolina. May 23, 1891.)*

RECEIVERS—ACTIONS AGAINST.
    An action for personal injuries sustained before the appointment of a receiver cannot be maintained against him, but must be brought against the corporation.

At Law.
*D. E. Finley* and *B. A. Hagood*, for petitioner.

SIMONTON, J. This is an application for leave to sue the receiver. The cause of action is for personal injuries sustained long before the appointment of a receiver, while the road was in the hands of the president and directors of the company. There can be no doubt that a receiver is responsible for personal injuries suffered through the negligence of his employes during the receivership. *Ex parte Brown*, 15 S. C. 523.

It is equally clear that neither he nor the funds in his hands arising from the earnings of the road under him can be held responsible for wrongs committed before any receiver was appointed. *Davenport v. Railroad Co.,* 2 Woods, 519; *Ex parte Brown, supra.* As the court in this last case says: "The receivership is the transfer of the property to a new owner, who begins his work, cut off from the past, with new duties and new obligations." 15 S. C. 533. The proper course for the petitioner is to bring his action against the company. If the result of a judgment in his favor would be a lien on the property which could interfere with the lien of the mortgagees, (see Gen. St. S. C. § 1528,) then the receiver will be instructed to defend the suit. If any injunction be in existence which may prevent such a suit against the company, his petition should pray that it be suspended as to him. But he cannot have the sanction of the court for a suit against the receiver upon a cause of action for which, as such, the receiver cannot be responsible. The leave asked is refused.