THE KOKOMO CITY STREET RAILWAY COMPANY *v.* THE PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY.

[No. 3,124.   Filed October 10, 1900.]

PLEADING.—*Abatement.—Filing of Plea After Cause at Issue.*—Under §402 Burns 1894, a plea in abatement may properly be filed after the cause is at issue, where the cause for abatement did not arise sooner. *p. 336.*

ABATEMENT.—*Refusal of Receiver to Continue Action Against Corporation.*—The refusal of a receiver of a corporation to continue an action previously brought by such corporation may be pleaded in abatement. *pp. 336-339.*

From the Howard Circuit Court.   *Affirmed.*

*L. J. Kirkpatrick, J. F. Morrison, T. C. McReynolds, B. C. Moon* and *C. Wolf,* for appellant.

*J. L. Rupe, M. Bell* and *W. C. Purdum,* for appellee.

HENLEY, J.—This appeal is by the plaintiff below. It is assigned as error (1) that the court erred in granting appellee leave to file a supplemental plea in abatement; (2) that the court erred in overruling appellant's demurrer to appellee's plea in abatement. The question presented by

the record arises upon the following facts: Appellant, a corporation owning and operating a street railway in the city of Kokomo, commenced this action in the Howard Circuit Court for damages resulting from a collision of one of its cars with one of appellee's trains at the crossing of the tracks of the two roads in said city. While the cause was pending, and between the time the cause was put at issue and the time it was set for trial, the appellant corporation had in an action brought against it in said Howard Circuit Court been adjudged insolvent, and the court had appointed a receiver of all its property and assets, and such receiver had accepted the trust, had qualified, and was proceeding with the settlement of said trust under the order and directions of said court, when this cause was called for trial. Thereupon counsel for appellee asked and obtained permission of the court to file a plea in abatement in which the attention of the court was called to the facts as heretofore set out, and denying the right of appellant further to prosecute the action.

It is first insisted that the court erred in permitting the plea in abatement to be filed after the cause was at issue, and contrary to a rule of the Howard Circuit Court. There was no error in permitting the plea. The cause for abatement arose after the action was brought, and after the issues were closed. These facts appear in the plea. It was a supplemental defense and could be pleaded by leave of court. §402 Burns 1894.

We come now to the second error claimed by appellant, the overruling of the demurrer to the plea in abatement.

We think it well settled that the appointment of a receiver for a corporation does not stop or affect a suit that is pending against the corporation. If the receiver becomes a party defendant, it is upon his own motion, as it does not matter to the plaintiff in such an action whether his judgment be against the corporation or its receiver. Cook on Corp., §871. This being a receivership *pendente lite*, and

not for the purpose of winding up the corporation, the powers of the receiver are confined to those conferred upon him by the statute under which he was appointed and by the order of the court appointing him.   The receiver in this instance was appointed to take charge of the affairs of an insolvent corporation upon the petition of the creditors. His authority extended over all the assets of the corporation of whatever nature.   It was the necessary effect of the appointment of a receiver that all rights of action of whatever description be suspended upon the part of the corporation.   Under the order and direction of the court, the receiver became the representative not of the creditors alone, but of the corporation and stockholders as well.   It became his duty to collect all just claims due the corporation.   If the order appointing him did not authorize him to prosecute the action against appellee, it became his duty, if the action was a meritorious one, to obtain the permission of the court so to do.   If the receiver failed to do this, if in any way he neglected his duty, to the damage of the trust, an action would lie against him in favor of the injured parties.

. In Thompson's Law of Corporations, Vol. 5, §6,900, it is said:  "The necessary effect of the appointment of receiver, unless the statute under which he is appointed, or the order appointing him, is restrictive, is to suspend all rights of action, of whatever description, on the part of the corporation; since the receiver, in a general receivership, whether it be what is called a receivership *pendente lite,* or a receivership for the purpose of winding up the corporation, is vested with the right to the custody of all the assets of the corporation of whatever description, for the purposes of the administration; and this necessarily includes every right of action of whatever description which is possessed by the corporation."

The action of the court in appointing a receiver for appellant corporation suspended appellant's right further to

prosecute the claim against appellee. Under the order of the court, as the servant of the court and the representative of the corporation and of the creditors, the receiver could continue the action, dismiss or compromise it. Whatever claim appellant corporation had against appellee became an asset in the hands of the receiver, to be administered by him under the directions of the court appointing him. This action being wholly within the control of the receiver under the orders of the court, and the facts alleged in the plea in abatement being all within the knowledge of the court, we very much doubt if the plea in abatement filed was necessary. We think the court could have ordered the action dismissed, or could have ordered the receiver to prosecute it to final judgment. And this, we think, is the only reasonable view to take. The assets of the corporation can not be controlled by the corporation and at the same time by the receiver. The very purpose of the action by the creditors to secure the appointment of a receiver was to take from the control of the corporation its assets, to prevent them from being wasted, and perhaps to secure a better management of the corporation's business. It would be absurd to hold that the insolvent corporation could, after the appointment of a receiver, continue to incur indebtedness for which the trust estate would be liable, without some action by the receiver with the approval of the court.

The cases cited by appellant are not in point here. They are all to the effect that the action may be continued by the receiver in the name of the corporation. This is statutory. §272 Burns 1894. In this case the receiver refused to continue the action, and the plea in abatement simply brought to the attention of the court those facts, which, with the consent of the court, permitted the receiver to discontinue the prosecution of the claim which his appointment as receiver placed in his control.

Counsel's objection to the plea in abatement, that it does not show that appellant was the owner of the claim sued on

when the receiver was appointed, is not well taken. Conceding, without deciding, that this was a necessary allegation, still we think this fact is shown. It is alleged in the answer that appellant without the consent of the receiver is undertaking to prosecute this action for its use and benefit. This is a sufficient allegation to show that appellant was the owner of the claim at the time the plea in abatement was filed, which was long after the appointment of the receiver.

We find no reversible error. Judgment affirmed.