## HARMON, RECEIVER, *v.* PERKINS.

[No. 6,667. Filed June 24, 1909. Rehearing denied December 17, 1909.]

1. RECEIVERS.—*Actions against.—Permission.*—Ordinarily, a receiver cannot be sued without the consent of the court making his appointment. p. 85.
2. RECEIVERS.—*Actions against.—Federal Courts.*—Receivers appointed by the federal courts may be sued without leave of the appointing courts, where the cause of action originated out of the receivers' transactions. p. 85.
3. RAILROADS.—*Receivers.—Negligence.—Complaint.*— A complaint against a railroad company and its receiver, alleging that such company and its servants negligently ran its train against a boxcar on which plaintiff was working, to his damage, states no cause of action against such receiver. p. 86.
4. RECEIVERS.—*Railroads.—Principal and Agent.*—Receivers and the companies for which they are appointed, are separate persons, and the agents of such companies do not represent such receivers. p. 86.

5.  RECEIVERS.—*Prior Acts of Company.*—*Liability.*—A receiver of
a railroad company is not liable for the prior negligent acts of
such company.  p. 87.

From Rush Circuit Court; *Will M. Sparks,* Judge.

Action by Augustus L. Perkins against Judson Harmon,
as receiver of the Cincinnati, Hamilton and Dayton Rail-
way Company, and another.  From a judgment for plaintiff,
defendant receiver appeals.  *Reversed.*

*John B. Elam, James W. Fesler, Harvey J. Elam* and
*Smith, Cambern & Smith,* for appellant.

*Alfred E. Martin, Watson, Titsworth & Green* and *Louis
B. Ewbank,* for appellee.

COMSTOCK, J.—Appellee brought this suit against the
Cincinnati, Hamilton and Dayton Railway Company and
appellant as receiver of said company, to recover damages
for personal injuries received by him.  The complaint is in
one paragraph, and alleges, in substance, that on and prior
to August 22, 1906, and ever since that time, said defendant
railway company was and is a corporation duly organized
and incorporated under the laws of Indiana, and at said
times owned and was operating and controlling a line of
railroad from the city of Indianapolis, Indiana, through the
counties of Rush and Fayette to the city of Cincinnati, Ohio;
that on said day the plaintiff was employed and at work at
the elevator of Brown & Riley in the city of Rushville, Indi-
ana, located on the south side of a switch leading from said
tracks of the defendant to and past said elevator; that a box-
car was standing upon said switch track, for the purpose of
being loaded with grain from said elevator; that plaintiff
was assisting in preparing said car for loading, and in order
to inspect this car, to determine whether it was ready to be
loaded, placed a ladder upon the grain door in the car and
ascended to the top of it; that while the plaintiff was on the
ladder, the defendant, by and through its employes and
trainmen, without warning or notice of any kind, carelessly

and negligently, and with great force and speed, ran an engine and train of cars upon and over said switch from the east and against said car, thereby throwing the plaintiff to the ground, to his injury, etc. Here follow allegations of the appointment of a receiver.

To this complaint the separate demurrer of said railway company was sustained. The separate demurrer of the appellant was overruled, and issue formed by a general denial. A trial by jury resulted in a verdict in favor of appellee for $2,000, and over appellant's motion for a new trial judgment was rendered thereon.

The only errors assigned are the overruling of appellant's demurrer for want of facts to the complaint and his motion for a new trial. .

It is first insisted that the complaint is insufficient, in that there is no allegation ''of any leave granted to sue the re-receiver, and no case is stated within the federal statute of 1888.'' It seems to be the general rule that a receiver can neither sue nor be sued, without first obtaining leave of the court making the appointment. *Wayne Pike Co.* v. *State, ex rel.* (1893), 134 Ind. 672, 673, and cases cited.

Where, however, the receiver is appointed by a court of the United States, said rule has been materially modified by an act of congress. Act of congress, March 3, 1887 (24 Stat. 552), as amended in 1888 (25 Stat. 436). *Malott* v. *Shimer* (1899), 153 Ind. 35, and cases cited; *Malott* v. *Hawkins* (1902), 159 Ind. 127, and cases cited; *Peirce* v. *Jones* (1900), 24 Ind. App. 286.

Said statute provides that any receiver ''appointed by any court of the United States may be sued in respect of any act or transaction of his in carrying on the business connected with such property, without the previous leave of the court in which such receiver or manager was appointed.'' This section of the statute has been construed a number of times, and with one exception, so far as we are informed,

has been held to be limited to the acts or transactions of the receiver after his appointment and assumption of the control of the property. As hereafter stated, the facts do not bring the case at bar within the terms of the statute.

It is argued that there is no allegation of any wrongful act of the receiver, and, hence no allegation of any negligent act chargeable to him. The allegations upon this

3.  point are that the defendant railway company, on and prior to August 22, 1906, and ever since that time, "owned and was operating and controlling a railway line" running from the city of Indianapolis, through Rush county to Cincinnati, Ohio; that said defendant owned and used a large number of locomotives on said track; that while the plaintiff was on the ladder, "the defendant, by and through its employes and trainmen, without warning or notice of any kind, carelessly and negligently, with great force and speed, ran an engine," etc. These allegations charge the act complained of to the defendant railway company through its employes. No act is charged against the receiver, and, therefore, no liability is shown. *Northern Pac. R. Co.* v. *Heflin* (1897), 83 Fed. 93, 27 C. C. A. 460; *Finance Co., etc.,* v. *Charleston, etc., R. Co.* (1891), 46 Fed. 508; *Decker* v. *Gardner* (1891), 124 N. Y. 334, 26 N. E. 814, 11 L. R. A. 480; *Robinson* v. *Mills* (1901), 25 Mont. 391, 65 Pac. 114; *Central Trust Co., etc.,* v. *East Tenn., etc., R. Co.* (1894), 59 Fed. 523; *McDermott* v. *Crook* (1902), 20 App. D. C. 465; *Robinson* v. *Kirkwood* (1900), 91 Ill. App. 54.

The complaint was originally against the railway company and the receiver. The demurrer of the railway company was sustained. No change was made after said ruling, so far as the record shows, in the complaint. The railway company and the receiver are distinct bodies. The agents of

4.  the railway company are not the agents of the receiver. The complaint charges the negligent acts to have been committed by the agents of the railway company.

Following the acts charged against the defendant railway company, the complaint further alleges the appointment and qualification of said receiver. The averments are, in part, that on December 4, 1905, appellant "was by said court duly appointed receiver of said property, and immediately qualified as such receiver, and ever since then has been and now is acting in said capacity, and by the terms of the order * * * he was authorized to take possession of all the tracks, etc., of said corporation, and was further ordered immediately to take charge of, manage and operate said property; * * * that, pursuant to said order, said Harmon is, as such receiver, in full possession of all the property of said defendant and is operating said road and receiving the income therefrom."

It thus appears that the railway company on and prior to August 22, 1906, and ever since that time has owned and operated the road. It shows that the receiver was appointed and qualified on December 4, 1905, and was authorized to take charge of the road, but it does not appear that he was in possession of and operating the branch upon which accident occurred at the time of the injury.

The receiver is answerable only for the acts of negligence of his own servants and employes operating the franchise of the corporation. Such liability must be made to appear from the averments of the complaint. It has been held that a receiver may be made liable for the negligent acts of the corporation prior to his appointment, and assumption of control of the property. In the case of *Meyer* v. *Harris* (1897), 61 N. J. L. 83, 38 Atl. 690, the decision appears to be based upon the case of *McNulta* v. *Lockridge* (1891), 141 U. S. 327, 12 Sup. Ct. 11, 35 L. Ed. 796. That decision does not warrant such holding. In that case the question was whether a person holding the office of receiver could be held responsible for the acts of his predecessor in the same office,

88    APPELLATE COURT OF INDIANA,

Mellette v. Indianapolis, etc., Traction Co.—45 Ind. App. 88.

and it was held that an action would lie by and against a receiver for causes of action accruing under his predecessor in office. The opinion proceeds upon the principle that an action at law cannot be sustained against a receiver upon a cause of action which accrued against the corporation before the commencement of the receivership. However, when it is sought to hold either a receiver or a corporation being administered by a receiver liable for a negligent act, it must appear by appropriate averment that the act complained of was committed by the party against whom the liability is sought to be enforced.

The complaint before us charges the railway company with the negligent act, and does not charge the receiver. This is done by plain averments not open to technical grammatical construction. The court erred in overruling the demurrer.

The complaint being insufficient, it is unnecessary to consider the motion for a new trial.

Judgment reversed, with instructions to sustain appellant's demurrer to the complaint, and for further proceedings not inconsistent with this opinion.