MARTIN *v*. FORREY, RECEIVER.

[No. 14,797. Filed January 23, 1935. Rehearing denied April 1, 1935. Transfer denied May 22, 1935.]

William H. Faust, Irene M. Faust, Joseph O. Carson, and William H. Harrison, for appellant.

Pickens, Gause, Gilliom & Pickens, B. E. Sattler, and M. E. Foley, for appellee.

KIME, J.—This is an action for damages by appellant on account of injuries sustained by her as a result of an alleged negligent act of a servant, agent, or employee of the Indianapolis Street Railway Company. Such injury occurred on October 7, 1928, and on April 18, 1930, which was prior to the bringing of this action, George E. Forrey, Jr., was appointed as receiver for the Indianapolis Street Railway Company. Appellant, before the bringing of this action, in the court where said receivership was pending filed a petition in the matter of said receivership, which petition, omitting the caption and signature, is as follows:

> "Comes now Aurilla B. Martin of Indianapolis, Marion County, Indiana, and represents and shows to the court that the Indianapolis Street Railway Company is indebted to this petitioner for damages for injuries suffered by this petitioner on the 7th day of October, 1928, while a passenger on a street car belonging to said Indianapolis Street Railway Company; that this petitioner has been unable to secure a settlement for said claim for damages and that said receiver has refused to allow said claim, and refuses to consider the same as an indebtedness to said company, and will wind up the said receivership without paying said claim unless otherwise ordered by this court.
>
> "WHEREFORE this petitioner asks leave of this court to bring suit and action against said receiver in this court, to establish said claim and to obtain a judgment against said receivers, and to obtain an order of this court directing and ordering said receiver to pay said judgment when obtained."

and the order of court thereon, omitting the caption and signature, is as follows:

> "Comes now, Aurilla B. Martin and files her petition with this court wherein she alleges: that on the 7th day of October, 1928, and while a passenger on a street car belonging to the Indianapolis Street Railway Company she received certain injuries, and that her claim for damages for said injuries

has not been satisfied, and wherein she asks permission to sue George C. Forrey, Jr., receiver of the Indianapolis Street Railway Company, and which petition is in the words and figures as follows: (H. I.)

"And the court having examined said petition and being duly advised in the premises, finds that the prayer thereof should be granted.

"It is therefore ordered, adjudged and decreed that said Aurilla B. Martin be and is hereby authorized to sue George C. Forrey, Jr., receiver of said Indianapolis Street Railway Company, for the recovery of damages sustained by her while a passenger on a street car of said Indianapolis Street Railway Company on October 7th, 1928.

"It is further ordered, adjudged and decreed that a copy of this order shall be sufficient authority for the Clerk of the Circuit Court to file said complaint against the receiver of said Indianapolis Street Railway Company."

To appellant's complaint the appellee appeared specially and filed a plea in abatement to the effect that at the time of the alleged injury the Indianapolis Street Railway Company was a corporation engaged in owning, controlling, and operating the street car system in Indianapolis and that such corporation and the business thereof was managed, controlled, and operated by its duly qualified officers, agents, and servants. That he was not the receiver of said company at the time appellant sustained the injuries and damages complained of, but was appointed receiver thereafter. That up to the time of his appointment as such receiver he had no connection with and no part in the management, control, or operation of the company, and that since his said appointment he has been and is now managing, controlling, and operating said company as such receiver. For the above reasons he had no connection whatever with the appellant's alleged injuries and damage and was not, in any way responsible therefor, and, therefore, he had no interest in appellant's alleged

cause of action and was not a proper party defendant.

To this plea in abatement appellant demurred alleging that the plea in abatement did not state facts sufficient to avoid appellant's complaint or abate the cause of action therein stated... Trial was had on the plea in abatement and it is somewhat of a coincidence that the same court that granted to appellant the right to sue abated the action. Appellant's motion for new trial on the plea in abatement was overruled and this appeal followed. The specifications in the motion for new trial are: (1) that the court erred in rendering its judgment that said action abate; (2) that the decision of the court is not sustained by sufficient evidence; and (3) that the decision of the court is contrary to law.

All of the assignments raise but one question and that is, can one sue a receiver for personal injuries sustained through negligence of agents, employees, or servants of a corporation prior to the appointment of the receiver for such corporation?

A receiver is an officer of the court and the effect of such appointment is to place the property of the company for which he is receiver, in his custody *"for whoever may ultimately establish a title thereto."* (Our italics.) *Herrick* v. *Miller, executor, et al.*, (1889), 123 Ind. 304, 24 N. E. 111; *Thompson* v. *Phenix Insurance Co.* (1890), 136 U. S. 287.

The general rule is that the appointment of a receiver does not divest valid pre-existing rights but that the receiver takes the property subject to the same equities and rights as existed against it in the hands of the person or corporation out of whose possession it was taken. *Irvin Bank* v. *Fletcher Savings & Trust•Company, Receiver, et al.* (1924), 195 Ind. 669, 145 N. E. 567.

The appointment of a receiver is an equitable pro-

ceeding and the court directs the acts of the receiver on equitable principles. The court may exercise his discretion by allowing the adjudication of a claimant's right to be made in the matter of the receivership or in an independent suit, and this is usually done when the issues can be more conveniently tried in a separate suit. Usually before instituting suit one having a right of action obtains leave from the court (of which the receiver is an officer) to bring the action growing out of that right. A receiver in addition to being an officer of the court is a representative of the corporation. He takes its place in respect to the custody of its assets and the administration of its affairs and as to its claimants and creditors his relationship is, in a measure, analogous to that of an administrator of an estate. The receiver takes the place of the former managers of the corporation, the functions of which were suspended, and he holds and conducts everything in his own name, as such receiver, under the orders of the court. A suit, therefore, to ascertain and adjust a claim, right, or liability of one against the company is properly brought against the receiver, as such, in somewhat the same manner as a suit against an administrator by one claiming some right against the estate of a deceased. The judgment rendered on such right goes against the receiver, as such, and is payable out of the assets of the company in his hands. *Combs* v. *Smith* (1883), 78 Mo. 32. The recovery, if any, upon such right of action, as above pointed out, must be paid out of the assets of the corporation, all of which, by virtue of the receivership, is in the hands of the receiver, subject to the court's control. The receiver is named defendant because he has the custody of the assets and stands in the place of the officials of the corporation. *Farris* v. *Receivers of Richmond & D. R. Co.* (1894), 115 N. C. 15, 20 S. E. 167.

In the case at bar there exists in appellant a right of action for damages sustained by her, through the negligence of agents, servants, and employees of the street car company. The judgment, if any, on that right of action, after trial, can only be levied against the assets of the corporation in the hands of the receiver, as such. Against whom, then, should such cause of action be brought? Against the one who has custody of the assets and who is an officer of the court—the receiver. A judgment against the corporation would be of no value, since it does not have control of its assets, and to sue the corporation and attempt to obtain a judgment against the receiver, because he has control of the assets, would be contrary to law, as one cannot obtain a judgment against anyone not a party to a suit. To obtain a judgment against the corporation for such injuries and then by petition or other means have it transferred to the receivership would be doing indirectly what appellees insist can not be done directly, to wit: obtain a judgment on the appellant's right of action against the assets in the hands of the receiver.

A right of action has accrued here and we do not think the recovery thereon should be defeated merely because the property and assets of the tort-feasor has been taken over by a court of equity. Equity would not permit such a travesty on justice, for such a precedent would cause countless persons to be without a remedy on account of injuries sustained, because those causing the injury would immediately go into receivership and defeat the rights of those injured to recover for such injuries. Thus the receiver is the proper person to be sued in the case at bar.

The case of *Harmon* v. *Perkins* (1909), 45 Ind. App. 83, 88 N. E. 961, insofar as it is in conflict with this opinion is hereby overruled.

The judgment of the Marion Circuit Court is reversed with instructions to vacate the judgment abating the action.