JEFFERSON PARK REALTY CORPORATION ET AL. *v.*
KELLEY, GLOVER & VALE, INC., ET AL.

[No. 15,932. Filed February 15, 1938. Rehearing denied
March 30, 1938. Transfer denied May 10, 1938.]

*Jones, Hammond, Buschmann & Gardner* and *Gavit, Hall, Smith & Gavit,* for appellants.

*Walter Myers, Crumpacker, Friedrich, Fred A. Egan* and *Jay E. Darlington,* for appellees.

WOOD, J.—The controlling question in this cause is whether or not, from the facts disclosed by the record, the Lake Circuit Court acquired jurisdiction over the defendant and its property in the case of Thomas E. Garvin, Receiver of the Meyer-Kiser Bank, and Thomas E. Garvin, Trustee, as plaintiffs, against the Jefferson Park Realty Corporation, as defendant, being cause No. 24,147 pending in said court.

The record shows that on December 1, 1933, the plaintiffs in said cause No. 24147 filed their verified complaint against the defendant in the Lake Circuit Court, in which complaint the plaintiffs alleged, among other things, that the defendant corporation was a corporation organized under the laws of the State of Indiana with its principal place of business and property in Lake County, Indiana; that it was in imminent danger of insolvency and that plaintiffs believed that said corporation was then insolvent and prayed that a receiver be appointed for said defendant's property with full power and authority to operate, marshall the assets, collect rents, make due accounting and to do all things that might be necessary toward the proper handling of said corporation's affairs. On the same day the record shows that further proceedings were had in said cause as follows (we quote the record) :

"Comes now the Jefferson Park Realty Corporation, by J. J. Kelley, its President, personally appearing in open court, and hereby waives the issuance of process and service of summons, and by way of answer to plaintiffs' complaint herein says as follows:

1. For answer to plaintiffs' complaint herein, the defendant, Jefferson Park Realty Corporation, hereby denies each and every material allegation contained in the plaintiffs' complaint.

"WHEREFORE, the defendant corporation asks judgment for costs and for all other proper relief.

JEFFERSON PARK REALTY CORPORATION.

By J. J. Kelley,
Its President."

The record then shows that on the same day the following further proceedings were had in said cause (we again quote the record):

"And the cause being now at issue, the same comes on for hearing without the intervention of a jury, and the court having heard the evidence and being fully advised in the premises, finds that the matters and things set forth in the plaintiffs' complaint are true; that the defendant corporation has made default in the payment of dividends and the retirement of preferred stock as the same became due; that the said defendant is in imminent danger of insolvency and has not means with and out of which to meet its indebtedness and obligations; that the defendant corporation is the owner of an apartment house of considerable value and that it would be for the best interest of stockholders, creditors and all concerned that a receiver be appointed with full power to operate defendant's business, and that said receiver should be empowered to do all things that may be necessary and proper in managing affairs of defendant corporation."

The record then shows the entering of judgment in conformity with the above finding and the appointment of one Milo F. Vale as receiver of said corporation "with full power and authority to take into his custody, possession and control as such receiver, all the property, real, personal, mixed, or choses in action, and assets of the defendant, to hold, manage, operate and conserve the same under the orders of this court as the judge thereof may from time to time direct, and to do all acts that may be necessary and proper for carrying out the

purposes of said receivership; and said receiver is fully authorized and empowered to bring any action at law or suit in equity which the defendant corporation might have brought in his own name as receiver." The record further shows that the receiver qualified by filing a bond in the amount fixed by the court, with approved surety, taking the oath of office and that he thereafter entered upon the performance of his duties.

The record shows that on March 22, 1935, the appellants Rauh, as executor, Blue, as trustee, and Davis, after first having been granted leave to intervene in said receivership proceedings, appeared therein and filed a petition in said proceedings asking that a named investment company be given authority to submit to the stockholders of said corporation a plan for reorganization thereof, and that, upon hearing, the prayer of their petition was granted. These appellants in their petition, so filed by them, allege it to be a fact "that the defendant company has been in receivership under the jurisdiction of this court since December 1, 1933." In the plan of reorganization submitted to the court at the instance of said appellants, as intervenors, it is also stated as a fact in Exhibit A, attached thereto, that the assets of said corporation had been in the possession of a receiver, appointed by the Lake Circuit Court, since December 1, 1933.

The record shows that on January 6, 1935, the appellant corporation appeared in said receivership proceedings by its attorneys and filed an answer in four paragraphs to an intervening petition of Kelley, Glover & Vale, Inc., and Kelley, Glover, Vale Realty Company, all hereafter referred to as Kelley et al., and that said corporation was then granted leave to file additional paragraphs of answer and a cross-complaint.

The record shows that on June 24, 1935, said appellant corporation appeared in open court in said receiv-

ership proceedings and objected to the filing of an amended intervening petition by Kelley et al. making Joe H. Wildermuth receiver of said corporation, the sole defendant therein; that its objection was overruled, to which ruling it saved an exception, and upon the same day it filed a verified petition to be allowed to defend as a party defendant to the amended petition of Kelley et al., in which objections so filed, said corporation for the first time sought to question the jurisdiction of the Lake Circuit Court over the person and property of said defendant corporation and said receivership. This petition was denied and said corporation excepted to the ruling of the court thereon, prayed and was granted an appeal to the Appellate Court of Indiana, bond was fixed with surety named thereon and approved.

The record shows that on November 7, 1935, said corporation appeared in said receivership proceedings and filed its motion for a new trial in the matter of the claim of Kelley et al. It also shows that upon the same day the appellants, Rauh, executor, Blue, trustee, and Davis, appeared in open court in said receivership proceedings, and filed a motion for a new trial in the matter of the claim of Kelley et al., and in said motion for the first time these appellants sought to question the jurisdiction of the Lake Circuit Court over the person and property of said corporation. The record then shows the following anomalous procedure, to wit: Kelley et al. filed motions to strike out both of the motions for a new trial, above referred to, whereupon one of the counsel for the appellants filed his affidavit in objection to said motions to strike out the motions for a new trial, in which affidavit it is alleged, among other things, as a fact "that said stockholders who so intervened are the same persons who as such intervening stockholders heretofore filed herein with leave of this court the motion for a new trial with respect to the claim or claims of Kelley,

Glover and Vale, Inc., and Kelley, Glover, and Vale Realty Company, and that each of said intervening shareholders was heretofore permitted by the court on application to it to intervene generally in this cause to protect their rights and those of the corporation in which they are shareholders." The record then shows that on January 10, 1936, the intervenors, Kelley et al., filed a written motion to strike out the objections and affidavit filed by the appellants to intervenors' (Kelley et al.) motion to strike out appellant's motion for a new trial. This last motion was overruled. The court then sustained the motion of the intervenors, Kelley et al., to strike out appellant's motions for new trial and they were stricken out. Appellants then prayed and were granted an appeal to the Appellate Court of Indiana. Time was granted in which to file a bill of exceptions. Bond was fixed with surety named thereon and approved. February 11, 1936, appellants presented their bill of exceptions to the court for approval, signing and with request for an order that the same be made a part of the record, all of which was done.

The record also shows that on May 29, 1936, the appellants, Rauh, executor, Blue, trustee, and Davis, appeared generally in said receivership proceedings and that said appellant corporation asked leave to appear specially in said receivership proceedings and that said appellants, Rauh, executor, Blue, trustee, and Davis, filed their verified petition to vacate all orders and proceedings had or entered in said receivership, cause No. 24,147, subsequent to the date of the filing of the complaint therein and that said appellant corporation filed a like verified petition, said petitions alleging reasons why said proceedings should be thus vacated. June 3rd, 1936, the intervenors, Kelley et al. and Joe H. Wildermuth, receiver, filed their separate motions to reject and strike out the respective petitions of the appellants

herein for reasons therein set out and alleged. Upon the issues tendered by these respective motions being submitted to the court for hearing and determination, the court found in favor of the appellees and against the appellants, and entered an order striking out their respective motions to set aside all proceedings had in said receivership from the date of the filing of the complaint therein. From this action of the court the appellants prayed an appeal to the Supreme Court of Indiana, which appeal was granted. Appeal bond was fixed, surety named and approved, and the appellants given time in which to file their bill of exceptions. The record shows that the complaint in cause No. 24,147 was filed upon December 1, 1933, and that the respective motions of the appellants' to strike out all proceedings had in said cause from the date of the filing of the complaint were not made until May 29, 1936; that during that time this receivership had been in the course of administration in the Lake Circuit Court and that one hundred and twenty-five order book entries had been made therein, recording the various steps and proceedings had and taken in said receivership between those two dates.

It is from the proceedings which we have briefly summarized above that the appellants prosecute their appeal, assigning as error for reversal the action of the court in refusing to entertain or in striking out their various petitions and motions.

The Lake Circuit Court had jurisdiction of the subject-matter of the action, namely, the appointment of a receiver for an insolvent corporation or a corporation in imminent danger of insolvency, which appointment could be made by the court or the judge thereof in vacation, paragraph 5, §3-2601 Burns 1933, §1143 Baldwin's 1934.

Civil actions are commenced by filing a complaint in

the office of the clerk of the court and causing a summons to be issued thereon, §2-802 Burns 1933, §83 Baldwin's 1934. The complaint was properly filed in the office of the clerk of the court, but the appellants say that the president of the defendant corporation could not waive the issuing and service of summons. The record shows that the defendant corporation appeared in open court by its president on December 1, 1933, during the November term, 1933, of the Lake Circuit Court, waived the issuing and service of summons and filed an answer in general denial; that upon the issues thus tendered a trial was had, ultimately resulting in the appointment and qualification of a receiver for the defendant corporation.

> "It is well settled that a defendant, whether a resident or non-resident, by a general appearance to an action waives all objections based on the want of the issuance of process or the service or the return thereof, or defect of whatever nature therein, and thereby gives the court full and complete jurisdiction over his person.
>
>    *   *   *
>
> "A defendant who files an answer to the merits, or in any manner attacks plaintiff's case, thereby makes a general appearance, and gives the court full jurisdiction over the person of such defendant." *American Mut. Life Ins. Co.* v. *Mason* (1902), 159 Ind. 15, 19, 64 N. E. 525.

The appellants insist that the word "attorney," as used in our Code of Civil Procedure, should be limited to attorneys at law authorized to practice in the courts of this state and call our attention to §4-3604 Burns 1933 (§821 Baldwin's 1934) which provides that: "A civil action may be prosecuted or defended by a party in person or by attorney, except that a corporation appears by attorney in all cases." Paragraph 10 of §1-201 Burns 1933 (§5 Baldwin's 1934), relating to the construction to be placed upon the statutes of this state,

provides that: "When a statute requires an act to be done which, by law, an agent or deputy as well may do as the principal, such requisition shall be satisfied by the performance of such act by an authorized agent or deputy." While paragraph 13 of §2-4701 Burns 1933 (§1217 Baldwin's 1934), which defines rules to be followed in the construction of our Code of Civil Procedure, provides that: "The word 'attorney' includes a counsellor and every other person authorized to appear and represent a party in an action or special proceeding in any stage thereof." In the *First National Bank of Mauch Chunk* v. *United States Encaustic Tile Co.* (1885), 105 Ind. 227, 4 N. E. 846, the court held that a voluntary appearance of a corporation by its attorneys without issuance and service of summons conferred jurisdiction upon a circuit court in vacation to appoint a receiver of the corporation. In *New York Trust Co.* v. *Watts-Ritter & Co. et al.* (1932), 57 Fed. (2d) 1012, the appellant trust company by its vice-president filed a written voluntary appearance in a receivership proceeding pending in a United States District Court, in which proceeding it had not been made a party. The trust company later sought to question the jurisdiction of the District Court over its person. The Circuit Court of Appeals of the 4th Circuit held that the trust company's appearance in the receivership amounted to a general appearance and that it was bound thereby. In the case of *Fox* v. *Robbins* (1902), (Texas Civil Appeals), 70 S. W. 597, two directors of a defendant corporation waived the issuance and service of a citation in an action to foreclose a vendor's lien upon real estate owned by the corporation. Judgment of foreclosure was entered and the land sold to satisfy the judgment. Later the jurisdiction of the court over the person of the corporation to enter the judgment of foreclosure was questioned in a proceeding to set aside the judgment, predi-

cated upon the theory that the directors of the corporation could not waive the issuance and service of summons and that therefore the judgment of foreclosure was void for want of jurisdiction. The court denied this contention and held the judgment valid. The reason fortifying this rule is stated in the 9th Volume of Fletcher Ency. Corp. §4457, as follows: "In lieu of a return there may be an acceptance or acknowledgment that service was made or was waived. So it is a general rule that a proper officer on whom service might be made may acknowledge the service thereof with the same effect as if service had been proved by a regular return or proof, and when the chief officer is absent or cannot be served, this authority devolves on the one next eligible for service. Such officers may also waive citation or summons."

But the final determination of the instant case is not dependent upon an answer to this contention. We only cite and call attention to the above authorities to show that they support the theory that the officers of the corporation upon whom service may be had can waive the issuing and service of summons and enter a voluntary appearance to the cause of action, and that a judgment entered under such circumstances, in the absence of fraud or collusion, is valid and binding upon the corporation.

The record shows that upon various occasions previous to May 29, 1936, when the appellants filed their respective motions to strike out all entries and proceedings had in the receivership subsequent to the date of the filing of the complaint, they had appeared by their attorneys in the receivership proceedings for the purpose of filing various petitions, motions, and answers, without in any way questioning the jurisdiction of the Lake Circuit Court; that in several instances the appellants prayed and were granted ap-

peals to this court and on one occasion to the Supreme Court from the rulings of the trial court on their several petitions and motions. These acts upon the part of the appellants constituted a waiver of the issuance and service of summons and conferred jurisdiction upon the Lake Circuit Court over their person. *First National Bank of Mauch Chunk* v. *United States Encaustic Tile Co., supra; Pressley* v. *Lamb* (1885), 105 Ind. 171, 4 N. E. 682; *Kirkpatrick Construction Co.* v. *Central Electric Co. et al.* (1902), 159 Ind. 639, 65 N. E. 913; *Carlson* v. *Kesler et al.* (1937), 103 Ind. App. 350, 198 N. E. 451, 199 N. E. 889; *Slinkard* v. *Hunter* (1936), 209 Ind. 475, 199 N. E. 560; *Rumas et al.* v. *First Calumet Trust & Savings Bank of East Chicago et al.* (1936), 210 Ind. 464, 4 N. E. (2d) 179; *People by Kerner, Atty. Gen.* v. *United Medical Service, Inc.* (1936), 362 Ill. 442, 200 N. E. 157.

The court did not commit error in denying the petition of appellants to strike out all proceedings and orders made in the receivership subsequent to the date of the filing of the complaint therein.

At no time did the appellants deny that the Jefferson Park Realty Corporation was insolvent, in fact, in their petition to the court asking that an investment firm be permitted to submit a plan of reorganization of the corporation they admitted its insolvency. When the receiver was appointed he took the place of the former managers and officers of the corporation. Their functions were suspended by his appointment, and under the supervision of the court the receiver administered upon the affairs of the corporation for its benefit and other interested parties. *The Kokomo City St. Ry. Co.* v. *The Pittsburgh, etc., Ry. Co.* (1900), 25 Ind. App. 335, 58 N. E. 211; *Martin* v. *Forrey* (1934), 100 Ind. App. 371, 193 N. E. 679. The record shows that the receiver had been administering upon the affairs of the insol-

vent corporation, under the supervision of the court, for approximately two and one-half years when the appellants filed these petitions. The appellants had knowledge of the appointment of the receiver; the circumstances under which he was appointed, as disclosed by the record; that he had taken over the possession of the property and was operating it, incurring expenses in so doing; that he was collecting large sums of money and distributing them in obedience to the orders of the court. But notwithstanding all these facts they remained silent and made no protest for a long period of time. "Such a course is calculated to shock the conscience of a chancellor rather than meet with his approval." *New York Trust Co.* v. *Watts-Ritter & Co. et al., supra.* In the case of *Brown, etc., Co.* v. *Lake Superior Iron Co.* (1890), 134 U. S. 530, 534, 10 Sup. Ct. 604, the Supreme Court of the United States said: "Whatever rights of objection and defense the appellant had, it lost by inaction and acquiescence. Obviously the proceedings had were with its consent. Immediately on filing the bill it entered its appearance; and the same day a receiver was appointed, without objection on its part. It suffered the bills to be taken *pro confesso.* It permitted the receiver to go on in the possession of these properties for nine months, transacting large business, entering into many contracts and assuming large obligations, without any intimation of a lack of authority, or any objection to the proceedings."

"It is well settled that the want of jurisdiction over the particular case then before the court, belonging to the general class of cases over which the court has jurisdiction may be waived by failure to make timely and specific objection." *The Pittsburgh, etc., Ry. Co.* v. *Gregg et al.* (1913), 181 Ind. 42, 48, 102 N. E. 961.

We think that when the record is considered in its entirety, it shows conclusively that the Lake Circuit Court

has full and complete jurisdiction of the subject-matter and the parties in said cause No. 24,147.

Finding no reversible error, the judgment is affirmed.

Bridwell and Dudine, JJ., concur.

Kime, J., dissents.